1  DANIEL LEVINSON
   JUSTIN STOCKTON
2  LEVINSON STOCKTON LLP
   990 Highland Drive, Suite 206
3  Solana Beach, CA 92075
   Telephone: (858) 792-1100
4  Email: dan@levinsonstocktonllp.com
   Email: justin@levinsonstocktonllp.com
5
   WILLIAM WRIGHT
6  THE WRIGHT LAW OFFICE, LLP
   301 Clematis Street, Suite 3000
7  West Palm Beach, Florida 33401
   Telephone: (561) 514-0904
8  Email: willwright@wrightlawoffice.com
   (pro hac vice application forthcoming)
9
   DANIEL FAHERTY
10 TELFER, FAHERTY, & ANDERSON, PL
   815 S. Washington Avenue, Suite 201
11 Titusville, Florida 32780
   Telephone: (321) 269-6833
12 Facsimile:  (321) 383-9970
   Email: danfaherty@hotmail.com
13 (pro hac vice application forthcoming)

14 Attorneys for Plaintiffs and the Proposed Class

| | |
|---|---|
| SHANA GUDGEL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CLOROX COMPANY; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1

**CLASS ACTION COMPLAINT AND JURY DEMAND**

# INTRODUCTION

1. Plaintiff Shana Gudgel ("Plaintiff"), by and through her undersigned counsel, files this Class Action Complaint against Defendant The Clorox Company and DOES 1 to 10 (collectively, "Clorox" or "Defendant"), individually and on behalf of a class of similarly situated individuals, and alleges, upon personal knowledge as to her own actions, and upon investigation of counsel as to all other matters, as follows:

## SUMMARY OF DEFENDANT'S UNLAWFUL CONDUCT

2. This Class Action Complaint comes during a time of hardship for so many Americans, with each day bringing different news of the efforts to combat the novel coronavirus COVID-19. Beginning in early March 2020, social distancing, shelter-in-place orders, and efforts to "flatten the curve" prompted a nationwide movement of people eager to clean and disinfect their homes and workspaces like never before. One of the most iconic names for household cleaning and disinfecting in the United States is Clorox.

3. Amid the coronavirus pandemic, bleach sales have increased significantly across the United States with the growing need to disinfect surfaces regularly. However, a critical difference between Clorox's regular bleach formula and its splashless solution has gone largely unnoticed by the general public – Splash-Less Clorox Bleach does not disinfect but only "whitens, brightens and deodorizes surfaces and clothes."

4. By adding the ingredients needed to achieve the higher viscosity for its Splash-Less formula, Clorox altered the concentration of sodium hypochlorite to a variable 1%-5%, which is not strong enough to sanitize and disinfect. According to the Clorox website, the company's regular bleach, absent the sudsing agent, has a sodium hypochlorite concentration between 5% and 6.5%.

5. The active ingredient in disinfectants, sodium hypochlorite, is used for disinfecting purposes on a large scale, including for agriculture, synthetic and household purposes, according to Lenntech, a water treatment and purification company. It is effective against bacteria, viruses and fungi but only in concentrations above 5%. Hypochlorite is a popular household disinfectant because of its similar properties to chlorine.

6. To disinfect surfaces, the Center for Disease Control recommends diluting 5 tablespoons of standard-grade bleach per gallon of water. This amount of the Clorox Splash-Less Bleach is insufficient for disinfecting and this deception is exacerbated by the Covid-19 pandemic gripping the United States.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are more than 100 class members and diversity of citizenship exists between at least one member of the Class and Defendant.

8. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this District, Defendant is registered to and does conduct continuous, permanent, and substantial business activities in California and within this District, and a substantial portion of the acts complained of took place in California.

9. Venue is proper in the Northern District of California because Defendant resides and conducts substantial business within this District and a substantial part of the events that gave rise to Plaintiff's claims occurred in this District.

10. Intradistrict assignment: assignment to the San Francisco or Oakland Division would be proper because The Clorox Company is headquartered in Oakland, California, and a substantial part of the events or omissions which give rise to the claims alleged herein occurred in San Francisco.

## PARTIES

11. Plaintiff Shana Gudgel is a citizen of Florida and resides in Brevard County, Florida. On March 11, 2020 the World Health Organization declared COVID-19 a pandemic. Shortly after March 11, 2020 Plaintiff purchased a 116 fluid ounce container of the Clorox Splash-Less Liquid Bleach ("Splash-Less Bleach" or "Product"). Plaintiff paid a total of $3.99 for the container. Plaintiff learned shortly thereafter that the Splash-Less Bleach was not suitable for disinfecting.

12. Defendant The Clorox Company ("Clorox" or "Defendant") is a Delaware corporation headquartered in Oakland, California. Clorox is an American global manufacturer and marketer of consumer and professional products. Although Clorox may be best known for its namesake bleach, the leading consumer and professional products maker has a plethora of market-leading brands. It sells laundry and cleaning items (Formula 409, Pine-Sol, Green Works) as well as dressings and sauces (Hidden Valley, KC Masterpiece, Soy Vay), charcoal (Kingsford, Match Light), plastic wrap and containers (Glad), and cat litters (Fresh Step, Scoop Away). Other items include filtration systems (Brita), dietary supplements (Rainbow Light, Natural Vitality), and personal care items

(Burt's Bees). Clorox makes and sells its products worldwide, although the US accounts for the most revenue by far.

13. Defendants Does 1 to 10 are the additional individuals and entities who perpetrated the unlawful acts described herein.

## FACTUAL ALLEGATIONS

14. When The Clorox Company first began selling its splashless bleach product without adequately disclosing that it wasn't suitable for sanitizing or disinfecting it was deceptive advertising, but in the midst of today's pandemic it is a more serious matter.

15. The Clorox Company, based in Oakland, California, is an iconic American global manufacturer and marketer of consumer products, with approximately 8,700 employees worldwide and billions of dollars in annual sales. The pandemic gripping the United States has sent Clorox's sales skyrocketing. Clorox CEO Benno Dorer told NBC that "we are in completely uncharted territory. We're in catch-up mode." "We know that right now we cannot make enough products for everybody to find products at the store all the time," Dorer said. "But we're making tremendous progress. We think we will be in substantially better shape by the summer," Dorer suggests, as households settle into their new disinfecting routines and more steadily buy cleaning products instead of the panic hoarding seen in March and into April at Walmart, Target and on Amazon. "So if you go to stores, we're shipping to our stores every single day. But what we're shipping is pretty much scooped up right away. So it's gone after a few minutes," Dorer explains. "Clearly there's an unprecedented demand spike for some of our products, in particular wipes. We've seen spikes of up to 500% in terms of demand and no supply chain in our industry is built to satisfy that demand increase in a short period of time."

16. One of Clorox's biggest selling products is bleach. Liquid bleach, often called just bleach, is a common chemical household product that consists of a diluted solution of sodium hypochlorite and other secondary ingredients. It is a chlorine releasing bleaching agent widely used to whiten clothes and remove stains, as a sanitizing disinfectant used to kill germs, and for numerous other uses. To consumers in the United States, the terms Clorox and bleach are synonymous.

17. The Clorox Company is the largest seller of bleach based cleaning products in the United States. In the early 1900s, a few California entrepreneurs set up America's first commercial-scale liquid bleach factory, which they located in Oakland on the east side of San Francisco Bay. In 1914, they named their product Clorox bleach.

18. From its founding in 1913 to today, The Clorox Company has built a reputation as the consumers' go-to product for sanitizing and disinfecting. Since being introduced into the market, Clorox bleach has had a long history of use in places where killing germs is critical: in hospitals, nursing homes, child-care centers, schools and restaurants. During World War I, in the days before penicillin, the lives of wounded soldiers were saved by the antibacterial properties of bleach. Although chlorine was in short supply because of World War II, Clorox, unlike many competitors, curtailed production rather than dilute its product.

19. Now, during the coronavirus pandemic, its disinfecting uses are becoming even more pervasive. For example, Apple recently changed its device cleaning protocol stating Clorox wipes could be used to disinfect the IPhone. The Splash-Less bleach is used by many consumers during the washing process to disinfect their cloth masks. In a recent poll - Harris Poll Essential 100 - Harris surveyed more than 2,000 Americans as part of an in-the-moment assessment of how businesses are responding to the pandemic. Clorox is viewed by Americans as one of the most essential companies in the U.S. during COVID-19, ranking Clorox top for integrity and resolve.

20. Today more than ever consumers are turning to the iconic Clorox name for help. The COVID-19 pandemic is an ongoing global pandemic of coronavirus disease which causes severe acute respiratory syndrome. The outbreak was first identified in Wuhan, China, in December 2019 and is currently rampant in the United States. The World Health Organization declared the outbreak a Public Health Emergency of International Concern on January 30, 2020 and a pandemic on March 11, 2020. On 4 July 2020, scientists reported that the Infection Fatality Rate of COVID-19 and related pandemic is estimated as 0.6%, and the Case Fatality Rate (CFR) as 5%. As of August 10, 2020, more than 5.11 million cases of COVID-19 have been reported in the United States, resulting in more than 163,000 deaths. The coronavirus is primarily spread between people during close contact, most often via small droplets produced by coughing, sneezing, and talking. The droplets usually fall to the ground or onto surfaces rather than travelling through air over long distances. Research as of June 2020 has shown that speech-generated droplets may remain airborne for tens of minutes and people may also become infected by touching a contaminated surface and then touching their face. Paramount to fighting the coronavirus is sanitizing and disinfecting.

21. Surfaces may be decontaminated with a number of solutions (within one minute of exposure to the disinfectant for a stainless steel surface). The CDC recommends that if a COVID-19 case is suspected or confirmed, all areas such as bathrooms, common areas, shared electronic

**CLASS ACTION COMPLAINT AND JURY DEMAND**

equipment like tablets, touch screens, keyboards, remote controls, and other devises used by the ill persons should be disinfected.

22. Clorox bleach is one of America's most used disinfectants. Amid the coronavirus pandemic, bleach sales have increased significantly across the United States with the growing need to disinfect surfaces regularly. However, a critical difference between Clorox's regular bleach formula and its splashless solution has gone undetected by the general public. The splashless Clorox bleach isn't suitable for sanitizing or disinfecting.

23. Last year, Rita Gorenberg, Clorox's associate director of brand engagement, told the Journal Inquirer that Clorox developed its Splash-Less Bleach Formula with a higher viscosity "in direct response to consumer comments about bleach splashing when poured into washing machine dispensers." The thicker, more controlled bleaching solution was meant to ease pouring struggles while maximizing the bleach's laundry effects.

24. By adding the ingredients needed to achieve the higher viscosity for its Splash-Less formula, Clorox altered the concentration of sodium hypochlorite to a variable 1%-5%, which is not strong enough to sanitize and disinfect. The company's regular bleach, absent the sudsing agent, has a sodium hypochlorite concentration between 5% and 6.5%.

25. The active ingredient in disinfectants, sodium hypochlorite, is used for disinfecting purposes on a large scale, including for agriculture, synthetic and household purposes and is effective against bacteria, viruses, and fungi, but only in concentrations above 5%. Hypochlorite is a popular household disinfectant because of its similar properties to chlorine. To disinfect surfaces, the CDC recommends diluting 5 tablespoons of standard-grade bleach per gallon of water.

26. Confusion between the products by consumers has become more common amid the coronavirus pandemic. Customers have claimed the "very similar" designs have led to repeated purchases of the wrong formula.

27. Consumers have also taken issue with the splashless formula's slogan claiming, "It's the same Clorox product you love, now with more power per drop" and "10x Deep Cleaning Benefits." Clorox's choice to include the exact amount of the sodium hypochlorite on the regular product but exclude the percentage from the splashless variety is also a major cause for concern.

28. There are two primary types of Clorox bleach:




29. The one on the left is regular Clorox and the one on the right is their "splashless" version. Note how similar the labels are.

30. However, being "splashless" is not the only difference between the two products. Only on the back of the label, in small print, does the company disclose the following about the splashless product:

**CONCENTRATED Clorox® Splash-Less® Regular Bleach**

Not for sanitization or disinfection. To sanitize and disinfect, use Clorox® Regular-Bleach$_2$. No es para sanitizar ni desinfectar. Para sanitizar y desinfectar, use el Blanqueador Clorox® Regular$_2$.

31. While the exact amount of the disinfectant, sodium hypochlorite, is stated on the regular product, it is conspicuously missing on the splashless variety.

## CLASS ALLEGATIONS

32. Plaintiff sues on her own behalf and on behalf of a Class for injunctive relief, damages, and all other available relief under Rules 23(a), (b)(2), (b)(3), and (c)(4) of the Federal Rules of Civil Procedure. The Class is preliminarily defined as: all persons residing in the United States who purchased Splash-Less Clorox during the applicable statute of limitations.

33. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or division into subclasses after having had an opportunity to conduct discovery.

34. Excluded from the Class are the officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, and its legal representatives, heirs,
7

**CLASS ACTION COMPLAINT AND JURY DEMAND**

successors or assigns and any entity in which Defendant has or has had a controlling interest. Also excluded are all federal, state, and local government entities; and any judge, justice or judicial officer presiding over this action and the members of their immediate families and judicial staff.

35. Plaintiff does not know the exact size of the Class, since such information is in the exclusive control of Defendant. Plaintiff believes, however, that based on the publicly available data concerning The Clorox Company's customers in the United States, the Class encompasses thousands of individuals. Accordingly, the members of the Class are so numerous that joinder of all such persons is impracticable.

36. Plaintiff anticipates providing appropriate notice to each Class Member, in compliance with all applicable federal rules.

37. Plaintiff is an adequate class representative. Her claims are typical of the claims of the Class and do not conflict with the interests of any other members of the Class. Plaintiff and the other members of the Class were subject to the same or similar conduct engineered by Defendant. Further, Plaintiff and members of the Class sustained substantially the same injuries and damages arising out of Defendant's conduct.

38. Plaintiff will fairly and adequately protect the interests of all Class Members. Plaintiff has retained competent and experienced class action attorneys to represent her interests and those of the Class.

39. Questions of law and fact are common to the Class and predominate over any questions affecting only individual Class Members, and a class action will generate common answers which are apt to drive the resolution of this action. These questions include whether it was deceptive or unfair to fail to adequately inform consumers that its Splash-Less Clorox Bleach (the "Product") was unsuitable for disinfecting.

40. A class action is superior to all other available methods for resolving this controversy because i) the prosecution of separate actions by Class Members will create a risk of adjudications with respect to individual Class Members that will, as a practical matter, be dispositive of the interests of the other Class Members not parties to this action, or substantially impair or impede their ability to protect their interests; ii) the prosecution of separate actions by Class Members will create a risk of inconsistent or varying adjudications with respect to individual Class Members, which will establish incompatible standards for Defendant's conduct; iii) Defendant has acted or refused to act on grounds generally applicable to all Class Members; and iv) questions of law and fact common to the Class predominate over any questions affecting only individual Class Members.

41. Further, there are numerous issues that are also appropriately resolved on a class-wide basis under FED. R. CIV. P. 23(c)(4), including without limitation whether it was deceptive or unfair for The Clorox Company to misrepresent the disinfecting capabilities of Splash-Less Bleach. Accordingly, this action satisfies the requirements set forth under FED. R. CIV. P. 23(a), 23(b), and 23(c)(4).

## CHOICE OF LAW ALLEGATIONS

42. The State of California has sufficient contacts to class members' claims such that uniform application of California law to those claims is appropriate.

43. The Clorox Company has been headquartered in Oakland, California throughout the applicable statute of limitations, does substantial business in California, large portion of the class is located in California, and all the core decisions that gave rise to class members' claims were made from California.

44. The State of California also has a strong regulatory interest in applying its law to all class members' claims. California's consumer protection law, in particular, is designed to preserve a business climate in California free of unfair and deceptive practices. If California were only able to address unfair business conduct when the injured consumer resides in California, that consumer protection law would be largely ineffective at regulating companies who do business in all fifty states. Violators would be able to keep the vast majority of their ill-gotten gains (all those obtained from non-California consumers), leaving California-based companies like The Clorox Company undeterred from engaging in similar conduct in the future.

## FIRST CAUSE OF ACTION

**Violations of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750**

45. Plaintiff incorporates all preceding factual allegations as if fully set forth here.

46. Plaintiff brings this claim on her own behalf and on behalf of each member of the Class.

47. Plaintiff and each member of the Class are consumers who purchased Splash-Less Bleach from Defendant for personal, family, or household purposes.

48. Plaintiff and the Class are "consumers" as that term is defined by the California Consumers Legal Remedies Act (the "CLRA") in Cal. Civ. Code § 1761(d).

49. Defendant's sales of its product to Plaintiff and Class members are a "service" within the meaning of Cal. Civ. Code § 1761(b).

9

**CLASS ACTION COMPLAINT AND JURY DEMAND**

50. Defendant's actions, representations, and conduct are covered by the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of services to consumers.

51. Defendant sold the Product to Plaintiff and the Class members without adequately disclosing the product was not suitable for disinfecting.

52. Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By engaging in the conduct set forth herein, Defendant violated and continues to violate CLRA Section 1770(a)(5), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular characteristics, benefits and quantities of its services.

53. Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. By engaging in the conduct set forth herein, Defendant violated and continues to violate CLRA Section 1770(a)(7), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the particular standard, quality or grade of its services.

54. Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant advertises services with the intent not to sell the services as advertised.

55. Cal. Civ. Code § 1770(a)(14) prohibits "[r]epresenting that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law." By engaging in the conduct set forth herein, Defendant violated and continues to violate CLRA Section 1770(a)(14), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents the rights, remedies, and obligations of its services.

56. Cal. Civ. Code § 1770(a)(16) prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not." By engaging in the conduct set forth herein, Defendant violated and continue to violate CLRA Section 1770(a)(16),

because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendant misrepresents that its product has been supplied in accordance with its previous representations when they have not.

57. Plaintiff and the Class acted reasonably when they purchased the Product from Defendant on the belief that Defendant's representations were true and lawful.

58. Plaintiff and the Class suffered injuries caused by Defendant because (a) they would not have purchased the Product from The Clorox Company absent Defendant's representations regarding the Splash-Less bleach as a disinfectant; (b) they paid a price premium for the Product they purchased from Defendant based on Defendant's misrepresentations; and (c) Defendant's Splash-Less Bleach sales did not have the characteristics, benefits, or quantities as -consumers were led to believe.

59. In accordance with Cal. Civ. Code § 1780(a), Plaintiff and the Class seek injunctive and equitable relief for Defendant's CLRA violations. Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a). If Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend her complaint to include a request for claims for actual, punitive, and statutory damages, as appropriate.

## SECOND CAUSE OF ACTION

**Violations of the California Unfair Competition Law,
Cal. Bus. & Prof. Code § 17200**

60. Plaintiff incorporates all preceding factual allegations as if fully set forth here.

61. Plaintiff brings this claim on her own behalf and on behalf of each member of the Class.

62. Cal. Bus. & Prof Code § 17200, et seq. (the "UCL") prohibits acts of "unfair competition," including any unlawful, fraudulent, or unfair business acts or practices.

63. Under the "unlawful" prong of the UCL, a violation of another law is treated as unfair competition and is independently actionable.

64. Defendant committed unlawful practices because it violated *inter alia* Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a), which declares unlawful unfair and deceptive acts or practices in or affecting commerce. Defendant's conduct as alleged herein is both unfair and deceptive.

65. Defendant also committed unlawful practices because it violated *inter alia* the Consumers Legal Remedies Act, the False Advertising Law, and other applicable law as described herein.

11
**CLASS ACTION COMPLAINT AND JURY DEMAND**

66. Plaintiff reserves the right to allege other violations of law which constitute other unlawful business acts or practices as Defendant's conduct is ongoing and continues to this date. Under the "unfair" prong of the UCL, a business practice is unfair if that practice offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

67. Defendant's acts and practices are unfair because the gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive or reason, particularly considering the available legal alternatives which exist for Defendant to conduct its business in response to COVID-19.

68. Defendant's acts and practices are also immoral, unethical, unscrupulous, and offend established public policy and are substantially injurious to Plaintiff and the other members of the Class and could not have been reasonably avoided by Plaintiff and the Class.

69. Plaintiff and the Class acted reasonably when they purchased the Product from Defendant on the belief that the Product would be suitable for disinfecting.

70. As a result of Defendant's unlawful, unfair, and fraudulent business practices, Plaintiff and the Class have suffered an injury in fact and have lost money in an amount to be determined at the trial of this action.

71. Plaintiff and the other members of the Class are entitled to an order pursuant to Cal. Bus. & Prof Code §17203, enjoining Defendant's unlawful and unfair conduct, and such other orders and judgments necessary to disgorge Defendant's ill-gotten gains and to restore to Plaintiff and the Class any amounts assessed and/or paid as a result of Defendant's wrongful conduct.

### THIRD CAUSE OF ACTION

**Violations of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500**

72. Plaintiff incorporates all preceding factual allegations as if fully set forth here.

73. Plaintiff brings this claim on her own behalf and on behalf of each member of the Class.

74. California's False Advertising Law (the "FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq., makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

**CLASS ACTION COMPLAINT AND JURY DEMAND**

75. Defendant mislead consumers regarding the Splash Less Product as having the disinfecting capabilities of bleach and/or without adequately disclosing that it was not suitable for sanitizing or disinfecting. Defendant's advertisements and omissions were made in and originated from California and fall within the definition of advertising as contained in the FAL in that advertisements were intended to induce consumers to purchase the Product from The Clorox Company. Defendant knew that those advertisements and omissions were false and misleading.

76. Defendant's advertising regarding the Product's disinfecting capabilities was false and misleading to a reasonable consumer, including Plaintiff.

77. Defendant violated the FAL by misleading Plaintiff and the Class to believe that its bleach products had disinfecting capabilities.

78. Defendant knew or should have known, through the exercise of reasonable care, that its advertisements about its Splash-Less Bleach product were misleading.

79. Plaintiff and the Class lost money or property as a result of Defendant's FAL violations because (a) they would not have the Product absent Defendant's misrepresentations; (c) they paid a price premium for the Product based on Defendant's misrepresentations; and (d) Defendant's Product did not have the characteristics, benefits, or quantities as consumers were led to believe.

## FOURTH CAUSE OF ACTION

### Negligent Misrepresentation

80. Plaintiff incorporates all preceding factual allegations as if fully set forth here.

81. Plaintiff brings this claim on her own behalf and on behalf of each member of the Class.

82. Defendant misrepresented that Splash-Less Bleach has disinfecting capabilities. However, this diluted version of Defendant's bleach product does not.

83. At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

84. Defendant also negligently misrepresented and/or negligently omitted material facts about the Product's disinfecting capabilities.

85. The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and the Class reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and the Class to purchase the Product from Defendant.

86. Plaintiff and the Class would not have purchased the Product from Defendant if the true facts had been known.

13

**CLASS ACTION COMPLAINT AND JURY DEMAND**

87. The negligent actions of Defendant caused damage to Plaintiff and the Class members, who are entitled to damages and other legal and equitable relief as a result.

### FIFTH CAUSE OF ACTION

#### Unjust Enrichment

88. Plaintiff incorporates all preceding factual allegations as if fully set forth here.

89. Plaintiff brings this claim on her own behalf and on behalf of each member of the Class.

90. As a result of its unjust conduct, Defendant has been unjustly enriched.

91. By reason of Defendant's wrongful conduct, Defendant has benefited from improper receipt of funds, and under principles of equity and good conscience, Defendant should not be permitted to keep this money.

92. As a result of Defendant's conduct it would be unjust and/or inequitable for Defendant to retain the benefits of its conduct without restitution to Plaintiffs and the Class. Accordingly, Defendant must account to Plaintiff and the Class for its unjust enrichment.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the class of similarly situated individuals, requests that the Court:

a) Issue an order certifying the Class defined above, appointing the Plaintiff as Class Representative, and designating the undersigned firms as Class Counsel;

b) Find that Defendant has committed the violations of law alleged herein;

c) Render an award of compensatory damages in an amount which is to be determined at trial;

d) Issue an injunction or other appropriate equitable relief requiring Defendant to refrain from engaging in the deceptive practices alleged herein;

e) Declare that Defendant has committed the violations of law alleged herein;

f) Render an award of punitive damages;

g) Enter judgment including post and prejudgment interest, costs and expenses, reasonable attorneys' fees; and

h) Grant all such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: August 14, 2020

Respectfully submitted,

*/s/ Daniel S. Levinson*
DANIEL LEVINSON
JUSTIN STOCKTON
LEVINSON STOCKTON LLP
990 Highland Drive, Suite 206
Solana Beach, CA 92075
Telephone: (858) 792-1100
Email: justin@levinsonstocktonllp.com
Email: dan@levinsonstocktonllp.com

WILLIAM WRIGHT
THE WRIGHT LAW OFFICE, LLP
301 Clematis Street, Suite 3000
West Palm Beach, Florida 33401
Telephone: (561) 514-0904
Email: willwright@wrightlawoffice.com
(pro hac vice application forthcoming)

DANIEL FAHERTY
TELFER, FAHERTY, & ANDERSON, PL
815 S. Washington Avenue, Suite 201
Titusville, Florida 32780
Telephone: (321) 269-6833
Facsimile: (321) 383-9970
Email: danfaherty@hotmail.com
(pro hac vice application forthcoming)

*Counsel for Plaintiff*

**CLASS ACTION COMPLAINT AND JURY DEMAND**

# AFFIDAVIT OF DANIEL S. LEVINSON

I, Daniel S. Levinson, declare as follows:

1. I am an attorney with the law firm of Levinson Stockton, LLP, counsel for Plaintiff SHANA GUDGEL ("Plaintiff") in this action. I am admitted to practice law in California and before this Court, and I am a member in good standing of the State Bar of California. This declaration is made pursuant to California Civil Code section 1780(d). I make this declaration based on my research of public records and upon personal knowledge and, if called upon to do so, could and would testify competently thereto.

2. Venue is proper in this Court because Plaintiff suffered injuries as a result of actions of Defendant The Clorox Company ("Defendant") in San Francisco County, many of the acts and transactions giving rise to this action occurred in San Francisco County, and Defendant (1) resides and conducts business in this County, (2) has intentionally availed itself of the laws and markets of California and the County of San Francisco through the provision of its services in this County, and (3) is subject to personal jurisdiction in this County.

3. Plaintiff is a citizen and resident of Brevard County in the state of Florida.

4. Defendant is a Delaware corporation with its principal place of business located within the County of San Francisco at 1221 Broadway, Oakland, CA 94612.

I declare under penalty of perjury under the laws of the State of California this 14TH day of August, 2020, in Solana Beach, California that the foregoing is true and correct.

*/s/ Daniel S. Levinson*
Daniel S. Levinson

**CLASS ACTION COMPLAINT AND JURY DEMAND**