1  EMILY JOHNSON HENN (Bar No. 269482)
2  KATHRYN E. CAHOY (Bar No. 298777)
   COVINGTON & BURLING LLP
3  3000 El Camino Real
   5 Palo Alto Square, 10th Floor
4  Palo Alto, CA 94306-2112
   Telephone: + 1 (650) 632-4700
5  Facsimile: + 1 (650) 632-4800
   Email: ehenn@cov.com
6  Email: kcahoy@cov.com

7  ASHLEY M. SIMONSEN (Bar No. 275203)
8  COVINGTON & BURLING LLP
   1999 Avenue of the Stars
9  Los Angeles, CA 90067-4643
   Telephone: +1 (424) 332-4782
10 Facsimile: +1 (424) 332-4749
   Email: asimonsen@cov.com
11

12 *Attorneys for Defendant The Clorox Company*

13              **UNITED STATES DISTRICT COURT**
14        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                      **OAKLAND DIVISION**
15

16 SHANA GUDGEL, on behalf of herself and all      Civil Case No. 4:20-cv-05712-PJH
17 others similarly situated,

18        Plaintiff,                                **DEFENDANT'S MOTION TO DISMISS
                                                    COMPLAINT**
19        v.

20 THE CLOROX COMPANY,                             Hearing:  December 9, 2020
                                                    Time:  9:00 a.m.
21        Defendant.                                Courtroom:  3
                                                    Judge:  Phyllis J. Hamilton
22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION TO DISMISS .................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.     INTRODUCTION AND STATEMENT OF ISSUES ...................................... 1

II.    STATEMENT OF FACTS ......................................................................... 2

    A.     Clorox's Splash-Less Bleach and Regular-Bleach Products. ............................... 2

    B.     Plaintiff's Alleged Purchase of Splash-Less Bleach. ................................ 4

III.   LEGAL STANDARD .............................................................................. 5

IV.    ARGUMENT ........................................................................................ 6

    A.     All of Plaintiff's Claims Should Be Dismissed Because She Fails To Allege a Plausible Theory of Deception .......................................................... 6

        1.     Plaintiff Alleges No Facts Showing Any Affirmative Misrepresentation. . 8

        2.     Plaintiff Alleges No Facts Showing Any Fraudulent Omission. .............. 10

        3.     Plaintiff's Attempts To Invoke the UCL "Unlawful" and "Unfair" Prongs Do Not Save Her UCL Claim. .......................................... 12

            a)     Plaintiff Does Not State a UCL "Unlawful" Claim. ..................... 12

            b)     Plaintiff Does Not State a UCL "Unfair" Claim. .......................... 13

        4.     Plaintiff's Unjust Enrichment Claim Falls with Her Fraud-Based Claims. ................................................................................ 14

    B.     Plaintiff's Failure To Plead Reliance Also Dooms Her Claims. ......................... 14

    C.     Plaintiff's Equitable Claims Should Be Dismissed Because She Alleges She Has an Adequate Remedy at Law. ................................................... 16

    D.     The Economic Loss Rule Bars Plaintiff's Negligent Misrepresentation Claim. .. 17

    E.     Plaintiff Does Not Have Standing To Seek Injunctive Relief. ........................... 17

V.     CONCLUSION ...................................................................................... 18

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arroyo v. Chattem, Inc.*,
    926 F. Supp. 2d 1070 (N.D. Cal. 2012) ...............................................................15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).............................................................................................5, 7, 15

*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2015) ...............................................................................14

*Becerra v. Dr. Pepper/Seven Up, Inc.*,
    945 F.3d 1225 (9th Cir. 2019) .............................................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................5

*Bird v. First Alert, Inc.*,
    2014 WL 7248734 (N.D. Cal. Dec. 19, 2014) ............................................... *passim*

*Bird v. First Alert, Inc.*,
    2015 WL 3750225 (N.D. Cal. June 15, 2015) ............................................... *passim*

*Bush v. Mondelez, Int'l, Inc.*,
    2016 WL 5886886 (N.D. Cal. Oct. 7, 2016).........................................................3

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
    475 F. App'x 113 (9th Cir. 2012) .........................................................................7

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) ...................................................................................12, 13

*Cheslow v. Ghirardelli Chocolate Co.*,
    2020 WL 4039365 (N.D. Cal. July 17, 2020) (*Cheslow II*)..................................11

*Cheslow v. Ghirardelli Chocolate Co.*,
    445 F. Supp. 3d 8 (N.D. Cal. 2020) (*Cheslow I*) ......................................... *passim*

*Cooper v. Curallux LLC*,
    2020 WL 4732193 (N.D. Cal. Aug. 14, 2020) ....................................................14

*Coto Settlement v. Eisenberg*,
    593 F.3d 1031 (9th Cir. 2010) .............................................................................5

*Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*,
    219 F. Supp. 3d 962 (N.D. Cal. 2016) .................................................................17

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ............................................................................................18

*Davis v. HSBC Bank Nevada, N.A.*,
    691 F.3d 1152 (9th Cir. 2012) ....................................................................................12, 14

*Drum v. San Fernando Valley Bar Ass'n*,
    182 Cal. App. 4th 247 (2010) ...........................................................................................13

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ..............................................................................................7

*ESG Capital Partners, LP v. Stratos*,
    828 F.3d 1023 (9th Cir. 2016) ..........................................................................................14

*Fairbanks v. Farmers New World Life Ins. Co.*,
    197 Cal. App. 4th 544 (2011) .............................................................................................7

*Freeman v. Time, Inc.*,
    68 F.3d 285 (9th Cir. 1995) ..............................................................................................11

*Gregory v. Albertson's, Inc.*,
    104 Cal. App. 4th 845 (2002) ...........................................................................................13

*Hambrick v. Healthcare Partners Med. Grp., Inc.*,
    238 Cal. App. 4th 124 (2015) ...........................................................................................16

*Hawkins v. Kroger Co.*,
    906 F.3d 763 (9th Cir. 2018) ..............................................................................................7

*Hodsdon v. Mars, Inc.*,
    162 F. Supp. 3d 1016 (N.D. Cal. 2016), *aff'd*, 891 F.3d 857 (9th Cir. 2018) ....................14

*Hutchins v. Nationstar Mortg. LLC*,
    2017 WL 2021363 (N.D. Cal. May 12, 2017) ...................................................................13

*In re Iphone 4S Consumer Litig.*,
    2014 WL 589388 (N.D. Cal. Feb. 14, 2014), *aff'd*, 637 F. App'x 414 (9th Cir. 2016) .......................8

*Joslin v. Clif Bar & Co.*,
    2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) ..................................................................18

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................................................5

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) ............................................................................................5

*Kwikset Corp. v. Super. Ct.*,
    51 Cal. 4th 310 (2011) .....................................................................................................14

*Lavie v. Procter & Gamble Co.*,
  105 Cal. App. 4th 496 (2003) ........................................................................6

*Lazy Y Ranch Ltd. v. Behrens*,
  546 F.3d 580 (9th Cir. 2008) .........................................................................5

*Lozano v. AT & T Wireless Servs., Inc.*,
  504 F.3d 718 (9th Cir. 2007) .......................................................................13

*Marder v. Lopez*,
  450 F.3d 445 (9th Cir. 2006) .........................................................................3

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) .........................................................................7

*McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*,
  339 F.3d 1087 (9th Cir. 2003) .....................................................................16

*McKinney v. Google, Inc.*,
  2011 WL 3862120 (N.D. Cal. Aug. 30, 2011) ...............................................8

*Min Sook Shin v. Umeken USA, Inc.*,
  773 F. App'x 373 (9th Cir. 2019) ................................................................18

*Minkler v. Apple, Inc.*,
  65 F. Supp. 3d 810 (N.D. Cal. 2014) .......................................................8, 17

*Morris v. BMW of N. Am., LLC*,
  2007 WL 3342612 (N.D. Cal. Nov. 7, 2007) ...............................................13

*Najarian Holdings LLC v. Corevest Am. Fin. Lender LLC*,
  2020 WL 3869195 (N.D. Cal. July 9, 2020).................................................17

*Ove v. Gwinn*,
  264 F.3d 817 (9th Cir. 2001) .........................................................................5

*Park v. Wells Fargo Bank*,
  2012 WL 3309694 (N.D. Cal. Aug. 13, 2012) ...............................................7

*Prescott v. Nestle USA, Inc.*,
  2020 WL 3035798 (N.D. Cal. June 4, 2020) ....................................6, 8, 9, 18

*Robinson Helicopter Co. v. Dana Corp.*,
  34 Cal. 4th 979 (2004) ................................................................................17

*Russell v. The Clorox Company*,
  No. 19AO-AC00568 (Mo. Cir. Ct. June 3, 2019)............................................8

*Salameh v. Tarsadia Hotel*,
  726 F.3d 1124 (9th Cir. 2013) .......................................................................5

*San Miguel v. HP Inc.*,
  317 F. Supp. 3d 1075 (N.D. Cal. 2018) ..................................................................13

*Smith v. State Farm Mut. Auto. Ins. Co.*,
  93 Cal. App. 4th 700 (2001) ...................................................................................13

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ..................................................................................16

*Stuart v. Cadbury Adams USA, LLC*,
  458 F. App'x 689 (9th Cir. 2011) ..............................................................................7

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*,
  2013 WL 4530470 (N.D. Cal. Aug. 26, 2013) .......................................................17

*Veera v. Banana Republic, LLC*,
  6 Cal. App. 5th 907 (2016) .....................................................................................16

*Villegas v. Wells Fargo Bank, N.A.*,
  2018 WL 2387856 (N.D. Cal. May 25, 2018) ........................................................15

*Williams v. Gerber Prods. Co.*,
  552 F.3d 934 (9th Cir. 2008) ....................................................................................6

*Yothers v. JFC Int'l, Inc.*,
  2020 WL 5015262 (N.D. Cal. May 14, 2020) ........................................................14

*Zapata Fonseca v. Goya Foods Inc.*,
  2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) .........................................................16

**Statutes**

15 U.S.C. § 45(n) .............................................................................................................12

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:  PLEASE TAKE NOTICE that on December 9, 2020, defendant in the above-captioned case will and hereby does move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b), and 12(b)(1).

Defendant seeks an order dismissing the complaint on the grounds that plaintiff has failed to allege facts sufficient to state a plausible claim for relief or to allege with particularity the averments of fraud underlying her claim, and that plaintiff lacks standing to pursue equitable relief.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION AND STATEMENT OF ISSUES

Plaintiff Shana Gudgel brings this putative class action against defendant The Clorox Company ("Clorox") based on allegations that she purchased a container of Clorox's Splash-Less Bleach—a product advertised for laundry and other uses to whiten, brighten, and deodorize—and subsequently learned that the product was not suitable for sanitization and disinfection purposes.  She accuses Clorox of misrepresenting that the Splash-Less product had disinfecting properties and of failing to disclose that Splash-Less Bleach, unlike Clorox's Regular-Bleach product, was not suitable for disinfection.

The core problem for plaintiff is that her own allegations disprove her claims.  The Splash-Less label at issue, in contrast to the Regular-Bleach label, made no disinfection or sanitization claim—dooming plaintiff's theory that Clorox affirmatively misrepresented the properties of the Splash-Less product.  What is more, the Splash-Less label expressly disclosed that the product is "[n]ot for sanitization or disinfection.  To sanitize and disinfect, use Clorox® Regular-Bleach."  Plaintiff cannot proceed with a fraudulent-omission theory of deception when the label makes the very disclosure she complains was omitted.  All of plaintiff's claims fail for these reasons.

The complaint suffers from other deficiencies as well.  Plaintiff does not plead actual reliance with the particularity required by Rule 9(b).  In addition, four out of five of her claims seek only equitable relief, but plaintiff does not (and cannot) claim to lack an adequate remedy at law.  Moreover, the economic loss rule independently bars plaintiff's negligent misrepresentation claim.  Finally, plaintiff seeks injunctive relief for all of her claims but has not adequately alleged that she has standing to pursue that form of relief.  For all these reasons, plaintiff's claims should be dismissed.

1

2

**II.     STATEMENT OF FACTS[1]**

   **A.     Clorox's Splash-Less Bleach and Regular-Bleach Products.**

3

4

5

6

7

8

9

10

Clorox, an Oakland-based company that manufactures and sells both consumer and professional-grade products worldwide, has many leading brands in a variety of fields, including laundry and cleaning, dressings and sauces, charcoal, plastic wrap and containers, cat litter, filtration systems, dietary supplements, and personal care items.  Dkt. 1 ("Compl."), ¶¶ 2, 12.  Some of Clorox's products contain bleach, consisting of "a diluted solution of sodium hypochlorite and other secondary ingredients."  *Id.*, ¶ 16.  Different bleach-based products are formulated and used for different purposes.  Some can be used "to whiten clothes and remove stains," some "as a sanitizing disinfectant used to kill germs," and some "for numerous other uses."  *Id.*

11

12

13

14

15

16

17

18

19

20

21

Clorox's bleach portfolio includes a Regular-Bleach product that can be used for household sanitization.  It also includes a Splash-Less Bleach product that historically did not claim to be suitable for sanitization or disinfection.[2]  Clorox developed this Splash-Less product, which is more viscous than Regular-Bleach, "in direct response to consumer comments about bleach splashing when poured into washing machine dispensers" for laundry purposes.  Compl., ¶ 23.  The label for the Splash-Less product that plaintiff allegedly purchased contained statements about the product's superior stain-removal power as compared to regular laundry detergent, and stated that it "Whitens, Brightens & Deodorizes."  *See id.*, ¶¶ 3, 28; Declaration of Emilie Labadie (Labadie Decl.), Ex. A.  Plaintiff does not dispute that the product was suitable for those uses.  The product did not, however, claim to be suitable for sanitization or disinfection.  In fact, the label disclosed just the opposite.  It stated, "Not for

22

23

[1]     The facts summarized herein are alleged in the complaint or incorporated by reference in the complaint, and Clorox accepts them as true only for purposes of this motion.  Clorox does not admit, and reserves the right to dispute, any of the facts alleged.

24

25

26

27

28

[2]     Statements throughout this motion regarding Splash-Less Bleach refer to the Splash-Less product and label that plaintiff claims to have purchased and excerpted in the complaint.  By way of background, Clorox obtained earlier this year the necessary approvals from federal and state regulatory agencies to market and sell Splash-Less Bleach that states on its label that it can be used for sanitizing and disinfecting.  *See* EPA, *List N Tool: COVID-19 Disinfectants*, EPA.GOV (last visited Oct. 8, 2020), https://cfpub.epa.gov/giwiz/disinfectants/index.cfm (Keyword Search for "splash-less") (listing "Clorox Splash-Less Bleach1" as registered disinfectant).  Products cannot be marketed as suitable for sanitization or disinfection without such approval, and the approval process typically takes over a year.

sanitization or disinfection.  To sanitize and disinfect, use Clorox® Regular-Bleach."  Compl., ¶ 30.

This statement appeared just above the use instructions, *see* Labadie Decl., Ex. A (green outline added):[3]

**CONCENTRATED Clorox®**
**Splash-Less® Regular Bleach**

Not for sanitization or disinfection. To sanitize and disinfect, use Clorox® Regular-Bleach₂.
No es para sanitizar ni desinfectar. Para sanitizar y desinfectar, use el Blanqueador Clorox® Regular₂.

**For Laundry/Para el Lavado**



1. Sort laundry by color.
2. Add detergent.
3. Fill bleach to max line in dispenser or add 1/2 cup bleach to wash water.
4. Add clothes and start wash.
5. For best results, add to wash 5 minutes after the wash cycle has begun.

1. Separe la ropa para el lavado según su color.
2. Agregue el detergente.
3. Llene el medidor con blanqueador hasta la línea máxima o agregue 1/2 taza del blanqueador al agua del lavado.
4. Ponga la ropa e inicie el lavado.
5. Para mejores resultados, agrégueselo al lavado 5 minutos después de que el ciclo de lavado haya comenzado.

Bleachable Fabrics
*Avoid bleaching wool, silk, mohair, leather, spandex and nonfast colors.*

Telas que se Pueden Lavar con Blanqueador
*Evite blanquear lana, seda, mohair, cuero, elástico y colores que destiñen.*

**For Cleaning and Deodorizing/Para Limpiar y Desodorizar**



Floors, Walls, Vinyl, Glazed Tiles, Bathtubs, Showers, Sinks

Pisos, Paredes, Vinilo, Azulejo Barnizado, Bañeras, Duchas, Fregaderos

Pre-wash surface, mop or wipe with bleach solution. Allow solution to contact surface for at least 5 minutes. Rinse well and air dry.

Haga un prelavado de la superficie, trapee o limpie con la solución de blanqueador. Deje que la solución tenga contacto con la superficie por lo menos durante 5 minutos. Enjuague bien y seque al aire.

DO NOT use this product full strength for cleaning surfaces. Always dilute strictly in accordance with label directions. For prolonged use, wear rubber gloves.
NO use este producto sin diluir para limpiar superficies. Dilúyalo siempre estrictamente de acuerdo a las instrucciones de la etiqueta. Para uso prolongado, use guantes de goma.
*vs. detergent alone in HE machines

---

[3]        This Court may consider evidence showing the full label of the product because the complaint "necessarily relies" on that evidence.  *E.g.*, *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (explaining that a complaint "necessarily relies" on evidence if it refers to the evidence, the evidence is central to the plaintiff's claim, and no party questions its authenticity); *Bush v. Mondelez Int'l, Inc.*, 2016 WL 5886886, at *1 n.1 (N.D. Cal. Oct. 7, 2016) (considering "more complete image" of product labels submitted by defendant on motion to dismiss because labels were "central" to plaintiff's claims).

In contrast to the label for the Splash-Less product, Clorox Regular-Bleach did have a sanitization claim on the label. Specifically, the Regular-Bleach product prominently stated at the top of the label that it "KILLS 99.9% of Germs," while the Splash-Less label contained no such claim:

 

Compl., ¶ 28 (green outline added).

**B.      Plaintiff's Alleged Purchase of Splash-Less Bleach.**

"Plaintiff Shana Gudgel is a citizen of Florida and resides in Brevard County, Florida." Compl., ¶ 11. At some point "[s]hortly after March 11, 2020," plaintiff allegedly "purchased a 116 fluid ounce container of [Splash-Less Bleach]" for which she paid $3.99. *Id.* Plaintiff allegedly "learned shortly thereafter that the Splash-Less Bleach was not suitable for disinfecting." *Id.* The complaint does not say where plaintiff made her purchase (e.g., online or at a brick-and-mortar retailer, in Florida or in California), why she purchased Splash-Less Bleach (e.g., for laundry purposes, household cleaning, deodorizing, sanitization, disinfection, or something else), how she intended to use it (e.g., in a washing machine, or applied to a hard surface), when (or if) she read any part of the label (including the disclosure at issue), or when (or if) she ever read a label for Clorox Regular-Bleach.

Based on these allegations, plaintiff asserts claims under California's Consumers Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), Unfair Competition Law ("UCL"), common law of negligent misrepresentation, and common law of unjust enrichment. Compl., ¶¶ 45-92.

1

### III.   LEGAL STANDARD

2       To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief

3  that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint that

4  fails to nudge "claims across the line from conceivable to plausible . . . must be dismissed."  *Id.*

5  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task

6  that requires the reviewing court to draw on its judicial experience and common sense."  *Ashcroft v.*

7  *Iqbal*, 556 U.S. 662, 679 (2009).  While allegations of material fact are taken as true and construed in

8  the light most favorable to the nonmoving party, conclusory assertions and unwarranted inferences will

9  not defeat a motion to dismiss.  *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001).  Moreover, courts

10  "need not accept as true allegations contradicting documents that are referenced in the complaint."  *Lazy*

11  *Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

12       Where, as here, the asserted claims sound in fraud, Federal Rule of Civil Procedure 9(b) requires

13  the plaintiff to "state with particularity the circumstances constituting fraud."  *Kearns v. Ford Motor*

14  *Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  "Averments of fraud must be accompanied by 'the who,

15  what, when, where, and how' of the misconduct charged."  *Id.*  And they must explain "what is false or

16  misleading about the purportedly fraudulent statement, and why it is false."  *Salameh v. Tarsadia Hotel*,

17  726 F.3d 1124, 1133 (9th Cir. 2013).  "Any averments which do not meet that standard should be

18  'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b)."  *Kearns*, 567 F.3d at 1124.

19       In considering a motion to dismiss, courts "may consider materials incorporated into the

20  complaint."  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).  This complaint

21  excerpts portions of a label for the Splash-Less product and relies on them as the basis for plaintiff's

22  claims, *see* Compl., ¶¶ 28, 30, but does not include the entire Splash-Less label.  Accordingly, the Court

23  may consider the full product label that Clorox has submitted as Exhibit A to the Labadie Declaration

24  when evaluating the plausibility of plaintiff's claims.  *See, e.g.*, *Coto*, 593 F.3d at 1038 (courts "may

25  consider materials incorporated into the complaint"); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.

26  2005) (in evaluating the context in which a statement appeared, courts must take into account "all parts

27  of the communication that are ordinarily heard or read with it"); *Bird v. First Alert, Inc.*, 2015 WL

28  3750225, at *3 n.1 (N.D. Cal. June 15, 2015) (*Bird II*) (considering packaging materials that were

referenced in complaint, had been authenticated, and were "central to plaintiff's claims"). Alternatively, the Court also may take judicial notice of "images that better display the packaging in question, on the ground that 'the packaging of defendant's product is publicly available and not subject to reasonable dispute.'" *Prescott v. Nestle USA, Inc.*, 2020 WL 3035798, at *2 (N.D. Cal. June 4, 2020); *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 15 (N.D. Cal. 2020) (*Cheslow I*).

## IV.   ARGUMENT

The complaint should be dismissed for multiple reasons. All of plaintiff's claims fail because she does not identify a valid theory of deception. Plaintiff's claims fall short for the additional reason that she does not adequately plead reliance. Her CLRA, FAL, UCL, and unjust enrichment claims (and the portion of the negligent misrepresentation claim seeking equitable relief) also should be dismissed for the independent reason that plaintiff does not (and cannot) allege that she lacks an adequate remedy at law. Moreover, the economic loss rule bars plaintiff's negligent misrepresentation claim. Finally, plaintiff lacks standing to seek injunctive relief, so she cannot proceed with that request.

### A.   All of Plaintiff's Claims Should Be Dismissed Because She Fails To Allege a Plausible Theory of Deception.

Plaintiff's claims under the CLRA, UCL, and FAL all are governed by the "reasonable consumer" test, which requires plaintiff to show "that members of the public are likely to be deceived" by the alleged misrepresentation. *E.g.*, *Cheslow I*, 445 F. Supp. 3d at 15-16 (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)).[4] This requires more than a mere possibility that the alleged misrepresentation "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *E.g.*, *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003).

---

[4]   Plaintiff, a Florida resident, contends that California law should govern her claims but does not allege any facts regarding where she read the labels at issue or made the complained-of purchase. Clorox addresses her claims under California law, as she pleads them in the complaint, but does not concede that California law will govern her claims if and when the factual record is developed further. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 593-94 (9th Cir. 2012) (explaining that, for misrepresentation and fraudulent-omission claims, the place of the wrong and governing law is "not the state where the intention to misrepresent was formed or where the misrepresented acts took place," but rather "the state where the misrepresentations were communicated to the plaintiff[]" or "the place of the transaction where [the omitted information] should have been disclosed").

Plaintiff must show a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* Moreover, "false advertising violations must be premised on some statement or representation by the defendant about the product." *E.g.*, *Prescott*, 2020 WL 3035798, at *3. "A plaintiff's mistaken belief about the product, untethered to a statement or representation by the defendant, is insufficient to state a claim under the UCL, FAL, or CLRA." *Id.*

Whether plaintiff's claims satisfy the "reasonable consumer test" is evaluated in light of the court's judicial experience and common sense. *See Iqbal*, 556 U.S. at 679; *Stuart v. Cadbury Adams USA, LLC*, 458 F. App'x 689, 690-91 (9th Cir. 2011) (affirming dismissal of UCL, FAL, and CLRA claims where allegations about what a "reasonable consumer" would believe "def[ied] common sense"). When allegations about what a "reasonable consumer" would believe are "implausible" and "strain[] credulity," they warrant dismissal. *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 F. App'x 113, 115 (9th Cir. 2012) (affirming dismissal of UCL, FAL, and CLRA claims with prejudice), *disagreed with on other grounds by Hawkins v. Kroger Co.*, 906 F.3d 763 (9th Cir. 2018); *see also Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228-31 (9th Cir. 2019) (affirming dismissal of FAL, CLRA, and UCL claims because no reasonable consumer viewing the alleged representation in context would be misled as the plaintiff claimed); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965-66 (9th Cir. 2016) (same).

The pleading standard for a negligent misrepresentation claim is more exacting than the "reasonable consumer" test. *See Fairbanks v. Farmers New World Life Ins. Co.*, 197 Cal. App. 4th 544, 561 (2011). To state a claim for negligent misrepresentation, plaintiff must plead (1) an actual misrepresentation of a material fact by the defendant, (2) without reasonable ground for believing it to be true, (3) with intent to induce reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage. *E.g.*, *Park v. Wells Fargo Bank*, 2012 WL 3309694, at *3 (N.D. Cal. Aug. 13, 2012).

Plaintiff cannot satisfy either standard, so her fraud-based claims should be dismissed. Plaintiff's unjust enrichment claim is dependent on her theory of fraud and should be dismissed as well.

1

### 1.    Plaintiff Alleges No Facts Showing Any Affirmative Misrepresentation.

To assert a misrepresentation theory, plaintiff must identify the alleged misrepresentation with particularity as required by Rule 9(b).  Failure to identify any specific statement plausibly supporting the alleged misrepresentation warrants dismissal.  *See Prescott*, 2020 WL 3035798, at *3 ("A plaintiff's mistaken belief about the product, untethered to a statement or representation by the defendant, is insufficient to state a claim under the UCL, FAL, or CLRA."); *see also, e.g.*, *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 820-21 (N.D. Cal. 2014) (dismissing CLRA, FAL, and UCL claims because plaintiff failed to identify any specific statement by defendant as alleged misrepresentation); *In re Iphone 4S Consumer Litig.*, 2014 WL 589388, at *5-7 (N.D. Cal. Feb. 14, 2014), *aff'd*, 637 F. App'x 414 (9th Cir. 2016) (same); *McKinney v. Google, Inc.*, 2011 WL 3862120, at *6-7 (N.D. Cal. Aug. 30, 2011) (same).

Here, the gravamen of plaintiff's misrepresentation theory is that Clorox falsely or misleadingly marketed the Splash-Less product as being suitable for sanitization and disinfection.  *See* Compl., ¶¶ 52-56, 58, 75-78, 82-85.  Yet nowhere in the complaint does plaintiff identify a single statement by Clorox actually stating—or even suggesting—that the Splash-Less product plaintiff purchased would be suitable for sanitization or disinfection.  Just the opposite—the complaint admits that the Splash-Less Bleach label did *not* include the "KILLS 99.9% of Germs" claim prominently displayed on the Regular-Bleach label and in fact explicitly disclosed that Splash-Less Bleach was "[n]ot for sanitization or disinfection" on the label just above the use instructions.  *See* Compl., ¶¶ 28, 30; Labadie Decl., Ex. A. Where, as here, the complaint identifies no affirmative misrepresentation and, indeed, acknowledges disclosures that *contradict* the asserted theory of deception, plaintiff fails to state a claim for relief.  *See, e.g.*, *Cheslow I*, 445 F. Supp. 3d at 22 (concluding that UCL, FAL, and CLRA claims failed as a matter of law "given the lack of affirmative deceptive statements combined with an ingredient list that dispels any confusion about the actual content of the product"); *see also supra*, p. 8 (citing *Prescott*, 2020 WL 3035798, at *3; *Minkler*, 65 F. Supp. 3d at 820-21; *In re Iphone 4S*, 2014 WL 589388, at *5-7; and *McKinney*, 2011 WL 3862120, at *6-7); *Russell v. The Clorox Company*, No. 19AO-AC00568 (Mo. Cir. Ct. June 3, 2019) (dismissing case based on virtually identical theory because "[d]efendants did not make any false representations" about the sanitizing or disinfecting properties of Splash-Less Bleach and plaintiff cannot pursue a claim when "her assumption was wrong and she did not read the label").

1      Without any actual misrepresentation on the label at issue, plaintiff instead pivots to a theory that

2   the packaging is misleading because Clorox's Splash-Less Bleach product is "very similar" to Clorox's

3   Regular-Bleach product that *does* make a sanitization claim, but without specifying which alleged

4   similarities purportedly misled her.  *See, e.g.*, Compl., ¶¶ 26, 29.  That theory cannot salvage plaintiff's

5   claims when the Splash-Less product at issue contained no affirmative misrepresentations and in fact

6   disclosed that the product was not for sanitization or disinfection.

7      This Court's recent decision in *Cheslow* aptly illustrates this point.  The plaintiffs in *Cheslow*

8   attempted to plead consumer deception by pointing to purported similarities between a previous version

9   of a Ghirardelli baking chips product that contained real white chocolate and the then-current version of

10   the product that did not.  *See Cheslow I*, 445 F. Supp. 3d at 12.  Those plaintiffs, like plaintiff here, did

11   not identify any affirmative misrepresentation on the packaging at issue but nevertheless "argue[d] that

12   placement of the product near other Ghirardelli's products means that white chips are chocolate."  *Id.* at

13   22.  This Court rejected that argument and concluded the plaintiffs failed to state a claim as a matter of

14   law "given the lack of affirmative deceptive statements combined with an ingredient list that dispels any

15   confusion about the actual content of the product."  *Id.*

16      Proximity to other Ghirardelli product labels that mentioned chocolate did not change the result.

17   The *Cheslow* plaintiffs alleged no facts suggesting that Ghirardelli controlled the product placement, and

18   the placement "could just as easily mean that the products are all made by the same manufacturer and

19   therefore grouped together to distinguish from products made by other manufacturers."  *Id.* at 21-22;

20   *accord Prescott*, 2020 WL 3035798, at *5 ("Nestle correctly asserts that a third-party retailer's

21   placement of a product cannot support a claim against the manufacturer.").  Moreover, placement of the

22   products at issue next to other similar Ghirardelli products that *did* explicitly mention chocolate only

23   served to highlight those packaging differences to reasonable consumers viewing the products in

24   context.  *Cheslow I*, 445 F. Supp. 3d at 22.

25      So too here.  The label for a different Clorox product does not plausibly show likelihood of

26   consumer deception for the Splash-Less product at issue when the Splash-Less label explicitly stated

27   that it is "[n]ot for sanitization or disinfection," Clorox made no representation to the contrary, and the

28   complaint itself acknowledges that the Regular-Bleach product prominently displayed a sanitization

1  claim, whereas the Splash-Less product did not.  *See* Compl., ¶¶ 28, 30.  Plaintiff's theory that the

2  packaging, Clorox brand name, and use of the word "bleach" convey some uniform and unchanging set

3  of characteristics proves too much, as it suggests that words on the label themselves convey no meaning

4  and that Clorox cannot innovate to create new products within the same brand family with new

5  characteristics to meet evolving market demand.  California law does not support such a theory.

6  **2.      Plaintiff Alleges No Facts Showing Any Fraudulent Omission.**

7  Plaintiff also cannot proceed under a fraud-by-omission theory because the alleged omission

8  appeared on the label.  Plaintiff contends that Clorox "omitted material facts about the Product's

9  disinfecting capabilities."  Compl., ¶ 84.  But as plaintiff admits, the Splash-Less label stated that the

10  product was "[n]ot for sanitization or disinfection."  *Id.*, ¶ 30.  For those purposes, the Splash-Less

11  Bleach label instructed consumers to "use Clorox® Regular-Bleach."  *Id.*  Plaintiff makes no attempt to

12  explain why reasonable consumers looking for a product that could sanitize or disinfect would purchase

13  the Splash-Less product and ignore the part of the label that explicitly disclosed the supposedly omitted

14  information, especially given the disclosure's placement immediately above the product's use

15  instructions.  *See* Labadie Decl., Ex. A.  Where, as here, the label actually disclosed the allegedly

16  omitted information, a fraudulent-omission claim cannot proceed.  *See Bird v. First Alert, Inc.*, 2014 WL

17  7248734, at *6-7 (N.D. Cal. Dec. 19, 2014) (*Bird I*) (dismissing fraud-by-omission claim where the

18  defendant's packaging in fact disclosed the product information at issue); *Bird II*, 2015 WL 3750225, at

19  *2-4, *8-11 (dismissing case with prejudice).

20  This Court's recent decision in *Bird* is instructive.  The defendant in that case sold two types of

21  smoke alarms with different qualities and purposes, just as Clorox here sells two types of bleach

22  products with different qualities and purposes.  *See Bird I*, 2014 WL 7248734, at *1.  The packaging on

23  the smoke alarms in *Bird* described the differences between the two products and directed consumers to

24  use them accordingly, just as the Splash-Less Bleach label at issue here explicitly stated the product was

25  "[n]ot for sanitization or disinfection" and directed consumers to "use Clorox® Regular Bleach" "[t]o

26  sanitize and disinfect."  *Compare id. with* Compl., ¶ 30.  The plaintiff in *Bird* nevertheless complained,

27  as plaintiff does here, that the defendant "failed to adequately disclose" the differences between the two

28  types of products, and that, had the defendant disclosed the "true facts," she and the proposed class

"would not have purchased the product."  *See Bird I*, 2014 WL 7248734, at *1.  In *Bird*, this Court dismissed the fraudulent-omission claim because the defendant's packaging did in fact disclose information regarding the product qualities at issue and advised consumers to use the two types of smoke alarms accordingly.  *See id.* at *6-7.  The same result should obtain here.

Unable to dispute that the disclosure appeared on the label, plaintiff instead takes issue with the disclosure's size and placement.  *See* Compl., ¶ 30 (alleging disclosure was "on the back of the label, in small print").  Both the Ninth Circuit and this Court have consistently rejected such theories where, as here, plaintiff alleges no affirmative misrepresentation or facts plausibly suggesting that reasonable consumers would not be able to read the disclosure.  For example, in *Freeman v. Time, Inc.*, the plaintiff argued that the defendant's sweepstakes promotional materials would deceive consumers who would likely "review the large print and ignore the qualifying language in small print."  68 F.3d 285, 289 (9th Cir. 1995).  The Ninth Circuit rejected this argument:  "None of the qualifying language [was] hidden or unreadably small," "no reasonable reader could ignore it," and anyone who misunderstood the terms could correct their misunderstanding "simply by doing sufficient reading to comply with the instructions."  *Id.* at 289-90.

Similarly, in *Cheslow*, this Court recognized the well-established principle that, absent any affirmative misrepresentation or deceptive act, reasonable consumers may not simply ignore ingredient labels disclosing supposedly omitted information.  *See Cheslow I*, 445 F. Supp. 3d at 20 (collecting decisions); *Cheslow v. Ghirardelli Chocolate Co.*, — F. Supp. 3d —, 2020 WL 4039365, at *6-7 (N.D. Cal. July 17, 2020) (*Cheslow II*) (reiterating that all of the label matters under the reasonable consumer test and dismissing case with prejudice).  This Court also rejected a similar theory in *Bird*.  That plaintiff argued that disclosures were insufficient "because the print is very small and the disclosures are located on the side of the package, not on the front."  *Bird II*, 2015 WL 3750225, at *3.  This Court dismissed the claim anyway because the plaintiff alleged no facts showing any contradictory affirmative misrepresentation or why the defendant's disclosures were inadequate.  *Id.* at *7-11.

Here, like in *Freeman*, *Cheslow*, and *Bird*, consumers can read the supposedly omitted information on the Splash-Less label at issue.  Indeed, they can do so right above the usage instructions for the Splash-Less product.  *See Bird II*, 2015 WL 3750225, at *2, *11 (information the plaintiff

claimed was omitted was also included in the user's manual, just before the use instructions).  And like the representations at issue in *Freeman*, *Cheslow*, and *Bird*, the Splash-Less label makes no affirmative representation that plausibly could be construed to contradict this express disclosure.  The complaint therefore should meet the same fate as those in *Freeman*, *Cheslow*, and *Bird*—dismissal.

### 3.   Plaintiff's Attempts To Invoke the UCL "Unlawful" and "Unfair" Prongs Do Not Save Her UCL Claim.

Although plaintiff's claims all sound in fraud, the complaint also includes boilerplate language invoking the "unlawful" and "unfair" prongs of the UCL.  *See* Compl., ¶¶ 62-68.  These conclusory allegations do not suffice to state a claim.

#### a)   Plaintiff Does Not State a UCL "Unlawful" Claim.

The UCL's "unlawful" prong "borrows" violations of certain other laws and makes them independently actionable.  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).  Here, plaintiff purports to borrow the CLRA, FAL, and Section 5 of the Federal Trade Commission Act as predicates for her "unlawful" UCL claim.  *See* Compl., ¶¶ 64-65.  As explained in the previous subsections, however, the complaint alleges no facts plausibly showing a likelihood of consumer deception as required to state a CLRA or FAL claim.  *See supra*, Part IV(A)(1)-(2).

Nor can plaintiff's passing reference to Section 5 of the Federal Trade Commission Act sustain an "unlawful" UCL claim.  That section deems unlawful acts or practices that "cause[] or [are] likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition."  15 U.S.C. § 45(n).  The Splash-Less label is not "likely to cause substantial injury to consumers" because it contains no affirmative misrepresentation and discloses the very fact plaintiff contends was omitted.  *See supra*, Part IV(A)(1)-(2).  Moreover, any hypothetical injury is reasonably avoidable because consumers can simply read the label at issue.  *See* Compl., ¶¶ 28, 30; *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168-69 (9th Cir. 2012) ("An injury is reasonably avoidable if consumers 'have reason to anticipate the impending harm and the means to avoid it' . . . .").  Plaintiff thus has not alleged a Section 5 violation.

1

**b)**     **Plaintiff Does Not State a UCL "Unfair" Claim.**

2     Although the "unfair" prong of the UCL can encompass certain practices even if they are not

3 specifically proscribed by some other law, it is not unlimited. *See Cel-Tech*, 20 Cal. 4th at 180. "Courts

4 may not simply impose their own notions of the day as to what is fair or unfair." *Id.* at 182; *see also id.*

5 at 184-85 (rejecting interpretations of UCL that are "too amorphous," "apply purely subjective notions

6 of fairness," and "provide too little guidance to courts and businesses"). Following *Cel-Tech*, California

7 courts have split on the appropriate standard for non-competitor claims under the UCL's "unfair" prong.

8 *Compare, e.g.*, *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718-19 (2001) (balancing

9 test), *with Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 854 (2002) (tethering test). Although the

10 complaint leaves ambiguous which standard plaintiff seeks to invoke, *see* Compl., ¶¶ 66-68, plaintiff has

11 not stated a claim under either the tethering test or the balancing test.[5]

12     The tethering test, which guards against the "amorphous" and "subjective notions of fairness"

13 disapproved of in *Cel-Tech*, should govern here. *Morris v. BMW of N. Am., LLC*, 2007 WL 3342612, at

14 *8 (N.D. Cal. Nov. 7, 2007). To state a claim under that test, plaintiff must identify a public policy that

15 is "tethered to *specific* constitutional, statutory, or regulatory provisions." *Hutchins v. Nationstar Mortg.*

16 *LLC*, 2017 WL 2021363, at *2 (N.D. Cal. May 12, 2017) (emphasis added) (citing *Drum v. San*

17 *Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 256 (2010)). Here, other than vaguely asserting that

18 Clorox's actions and practices "offend" some unspecified "established public policy," *see* Compl.,

19 ¶¶ 66, 68, the complaint makes no attempt to do this. *See San Miguel v. HP Inc.*, 317 F. Supp. 3d 1075,

20 1092 (N.D. Cal. 2018) (general allegations that did not identify a "constitutional, regulatory or statutory

21 provision to which the allegations are tethered," were "too vague" to satisfy the tethering test).

22     The balancing test, even if it applied, likewise would compel dismissal of plaintiff's "unfair"

23 claim. Under that test, a practice is "unfair" when it "'offends an established public policy or when the

24 practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'"

25

---

26 [5]     Some courts have invoked a third test—the FTC Section 5 test—but the Ninth Circuit found that

27 test inappropriate for consumer claims under the UCL's "unfair" prong. *See Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007). In any event, plaintiff would fail that test too for the

28 reasons discussed in the previous subsection. *See supra*, Part IV(A)(3)(a).

*Davis*, 691 F.3d at 1169.  Here, Clorox's clear disclosure of the information plaintiff contends was omitted precludes a finding that its conduct was substantially injurious, immoral, unethical, or otherwise in violation of the balancing test.  *See supra*, Part IV(A)(1)-(2); *see also Davis*, 691 F.3d at 1170-71 (plaintiff who failed to read disclosures could not satisfy balancing test because "any harm he suffered was the product of his own behavior, not the advertisements" at issue); *Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1027 (N.D. Cal. 2016) (dismissing claim under balancing test when plaintiff "ha[d] access to information" allegedly omitted from the label), *aff'd*, 891 F.3d 857 (9th Cir. 2018).

### 4. Plaintiff's Unjust Enrichment Claim Falls with Her Fraud-Based Claims.

As this Court has explained, unjust enrichment under California law is "a general principle, underlying various legal doctrines and remedies," and "is synonymous with restitution."  *Cooper v. Curallux LLC*, 2020 WL 4732193, at *8 (N.D. Cal. Aug. 14, 2020).  A plaintiff asserting unjust enrichment "must show that the defendant received and unjustly retained a benefit at the plaintiff's expense."  *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016).  Although courts may construe an "unjust enrichment" claim "as a quasi-contract claim seeking restitution," such a claim can proceed only when the plaintiff plausibly alleges that the defendant has been unjustly conferred a benefit "through mistake, fraud, coercion, or request."  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015).  Because plaintiff's unjust enrichment claim relies entirely on the same insufficient misrepresentation and fraudulent-omission theories underlying her other claims, *see* Compl., ¶¶ 88-92, her unjust enrichment claim should be dismissed for the same reasons.  *See supra* Part IV(A)(1)-(2); *see also Yothers v. JFC Int'l, Inc.*, 2020 WL 5015262, at *6 (N.D. Cal. May 14, 2020) (dismissing unjust enrichment claim when plaintiffs failed to adequately plead underlying fraud claims).

### B. Plaintiff's Failure To Plead Reliance Also Dooms Her Claims.

To sustain her UCL, CLRA, and FAL claims, plaintiff must plausibly allege "actual reliance on the allegedly deceptive or misleading statements" at issue to establish standing.  *See Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 326-27 & n.9 (2011); *see also Bird II*, 2015 WL 3750225, at *6 ("to establish standing under the CLRA and other consumer protection statutes," a plaintiff asserting a misrepresentation theory must plead "reliance on the alleged misrepresentation").  Plaintiff's negligent misrepresentation claim similarly requires her to identify "a misrepresentation that [s]he acted in

reliance on" and to show "that such reliance caused damage." *See Villegas v. Wells Fargo Bank, N.A.*, 2018 WL 2387856, at \*8 (N.D. Cal. May 25, 2018).

Plaintiff does not allege actual reliance with particularity as required by Rule 9(b). The complaint contends that plaintiff (1) "would not have purchased" Splash-Less Bleach but for Clorox's "representations regarding the Splash-Less bleach as a disinfectant," (2) "paid a price premium" for Splash-Less Bleach based on Clorox's representations, and (3) was "led to believe" that Splash-Less Bleach had "characteristics, benefits, or [qualities]" it did not in fact possess. *See* Compl., ¶¶ 58, 69-70, 79. But she alleges no factual details in support, let alone any that would satisfy the particularity requirements of Rule 9(b). For example, plaintiff does not explain "when [she] looked at the packaging (if ever)" for the Splash-Less product or when she viewed the packaging for the Regular-Bleach label she claims was confusingly similar, and she does not state "whether she reviewed the disclosures on the [Splash-Less] packaging (if at all), or why she disregarded [Clorox's] recommendation" to use Regular-Bleach instead for sanitization and disinfection. *See Bird I*, 2014 WL 7248734, at \*7. She also does not explain how she intended to or in fact did use the Splash-Less product that resulted in the allegedly diminished value, so it is at least equally consistent with the allegations of the complaint that plaintiff purchased and used the product to whiten and brighten her laundry rather than to disinfect. *See Iqbal*, 556 U.S. at 678 (a complaint that "stops short of the line between possibility and plausibility of 'entitlement to relief'" fails to state a claim).

A complaint lacking plausible factual allegations does not adequately plead reliance and should be dismissed. *See, e.g.*, *Cheslow I*, 445 F. Supp. 3d at 12, 21-22 (rejecting misrepresentation theory based on Ghirardelli's marketing of "a similar version of the product" at issue when plaintiffs alleged no facts showing that they "relied on Ghirardelli's previous white chocolate chips packaging"); *Arroyo v. Chattem, Inc.*, 926 F. Supp. 2d 1070, 1081 (N.D. Cal. 2012) (dismissing CLRA, UCL, and negligent misrepresentation claims with prejudice when plaintiff failed to plead with particularity the circumstances of her supposed reliance).

1

2

### C.   Plaintiff's Equitable Claims Should Be Dismissed Because She Alleges She Has an Adequate Remedy at Law.

Each of plaintiff's claims seeks relief in the form of restitution, an injunction, or both, and these are the only forms of relief currently sought for all but her negligent misrepresentation claim.  *See* Compl., ¶¶ 59, 71, 87, 92; *see also, e.g.*, *Veera v. Banana Republic, LLC*, 6 Cal. App. 5th 907, 915 (2016) ("The remedies available in a UCL or FAL action are generally limited to injunctive relief and restitution.").  Restitution and injunctive relief are equitable, not legal, in nature.  *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 837, 841 (9th Cir. 2020) (claims for restitution and injunctive relief, including under the UCL and CLRA, are equitable); *Hambrick v. Healthcare Partners Med. Grp., Inc.*, 238 Cal. App. 4th 124, 155 (2015) ("The UCL and FAL provide for only equitable relief, specifically injunctive relief and restitution."); *McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1091 (9th Cir. 2003) ("Unjust enrichment is an equitable rather than a legal claim.").

The Ninth Circuit has held unequivocally that a plaintiff seeking equitable relief must first "establish that she lacks an adequate remedy at law."  *Sonner*, 971 F.3d at 844 (affirming dismissal of restitution claims when plaintiff had adequate legal remedy); *see also Zapata Fonseca v. Goya Foods Inc.*, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016) ("Plaintiff has an adequate remedy at law, and thus can not seek an injunction at all.").  Where a complaint alleges no facts showing that the plaintiff lacks an adequate remedy at law, its equitable claims are subject to dismissal.  *Sonner*, 971 F.3d at 844 (affirming dismissal of CLRA and UCL claims for failure to allege lack of adequate remedy at law); *accord, e.g.*, *Bird I*, 2014 WL 7248734, at *5 (collecting decisions for the proposition that "[t]here is no right to equitable relief . . . when there is an adequate remedy at law").

Plaintiff makes no attempt whatsoever to satisfy this requirement.  Indeed, she affirmatively states that she has a legal remedy in the form of damages under the common law of negligent misrepresentation.  *See* Compl., ¶ 87 (seeking damages for negligent misrepresentation); *see also id.*, ¶ 59 (stating intent to add request for damages under the CLRA).  Dismissal therefore is warranted for her CLRA, UCL, FAL, and unjust enrichment claims in their entirety, as well as for her negligent misrepresentation claim to the extent it seeks equitable relief.  *See Sonner*, 971 F.3d at 844; *see also,*

*e.g.*, *Bird I*, 2014 WL 7248734, at *6 ("[P]laintiff cannot seek restitution under the UCL because she has an adequate remedy at law in her claim for damages under the CLRA.").

**D.    The Economic Loss Rule Bars Plaintiff's Negligent Misrepresentation Claim.**

The economic loss rule "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Najarian Holdings LLC v. Corevest Am. Fin. Lender LLC*, 2020 WL 3869195, at *6 (N.D. Cal. July 9, 2020) (quoting *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004)). "Economic loss consists of damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits—without any claim of personal injury or damages to other property." *Id.*  "[A] negligent misrepresentation claim paralleling a contract claim that prays only for economic damages will be barred by the economic loss rule unless the plaintiff alleges both that the defendant made an affirmative misrepresentation, and that the defendant's misrepresentation exposed the plaintiff to independent personal liability." *Id.* at *7 (quoting *Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*, 219 F. Supp. 3d 962, 970 (N.D. Cal. 2016)).

Here, the alleged "misrepresentations [p]laintiff identifies in [her] complaint are simply representations that [Clorox] made in various marketing materials about the qualities of" the product at issue.  *See Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, 2013 WL 4530470, at *10-11 (N.D. Cal. Aug. 26, 2013).  "In essence, [p]laintiff's negligent misrepresentation claim[] allege[s] nothing more than the product [she] purchased was defective and did not live up to the expectations that had been created by [Clorox's] advertising." *See id.* at *10.  Under these circumstances, the economic loss rule applies and bars plaintiff's negligent misrepresentation claim.  *See id.* at *9-11; *see also, e.g.*, *Minkler*, 65 F. Supp. 3d at 820 (dismissing negligent misrepresentation claim where plaintiff did not allege personal injury or property damage, only that had she known the product at issue was "defective," she "would not have purchased [it], and certain she would not have paid as much for it").

**E.    Plaintiff Does Not Have Standing To Seek Injunctive Relief.**

Plaintiff's requests for injunctive relief should be dismissed for the additional reason that plaintiff lacks standing to pursue them.  Plaintiff asserts that consumers are misled into believing that the Splash-Less product had disinfecting properties (notwithstanding express disclosures to the contrary)

because the Splash-Less label was similar in design to the Regular-Bleach label.  *See* Compl., ¶¶ 26, 29.  But she admits that she now knows "that Splash-Less Bleach was not suitable for disinfecting," and that the product she purchased explicitly stated it was not suitable for sanitization or disinfection.  *Id.*, ¶¶ 11, 30.  Accordingly, plaintiff has not alleged facts showing "a sufficient likelihood that [s]he will again be wronged in a similar way," as she must to establish standing for an injunction.  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).  Her requests for injunctive relief thus should be dismissed.  *See, e.g.*, *Min Sook Shin v. Umeken USA, Inc.*, 773 F. App'x 373, 375 (9th Cir. 2019) (affirming dismissal of deceptive-advertising claims seeking injunctive relief because plaintiff lacked Article III standing); *Prescott*, 2020 WL 3035798, at *6 (concluding that plaintiffs failed to allege facts demonstrating standing to seek injunctive relief because they had not alleged how they "could be misled into purchasing [the Product] in the future" now that they "know the Product does not contain white chocolate"); *Joslin v. Clif Bar & Co.*, 2019 WL 5690632, at *4 (N.D. Cal. Aug. 26, 2019) ( "[A] plaintiff's knowledge of the truth forecloses the risk of future harm.").

## V.   CONCLUSION

For the foregoing reasons, Clorox respectfully requests that the Court dismiss plaintiff's complaint in its entirety.

DATED:  October 8, 2020                Respectfully submitted,

By:     */s/ Emily Johnson Henn*

EMILY JOHNSON HENN (Bar No. 269482)
KATHRYN E. CAHOY (Bar No. 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800
Email: ehenn@cov.com
Email: kcahoy@cov.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ASHLEY M. SIMONSEN (Bar No. 275203)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: +1 (424) 332-4782
Facsimile: +1 (424) 332-4749
Email: asimonsen@cov.com

*Attorneys for Defendant The Clorox Company*