1  DANIEL LEVINSON (CA State Bar No. 200951)
2  JUSTIN STOCKTON (CA State Bar No. 167659)
   LEVINSON STOCKTON LLP
3  990 Highland Drive, Suite 206
   Solana Beach, CA 92075
4  Telephone: (858) 792-1100
   Facsimile: (858) 792-1106
5  Email: justin@levinsonstocktonllp.com
   Email: dan@levinsonstocktonllp.com
6
7  WILLIAM WRIGHT (FL State Bar No. 138361)
   THE WRIGHT LAW OFFICE, LLP
8  301 Clematis Street, Suite 3000
   West Palm Beach, Florida 33401
9  Telephone: (561) 514-0904
   Facsimile: (561) 514-0905
10 Email: willwright@wrightlawoffice.com
   (pro hac vice application forthcoming)
11
12 DANIEL FAHERTY (FL State Bar No. 379697)
   TELFER, FAHERTY & ANDERSON, PL
13 815 S. Washington Avenue, Suite 201
   Titusville, Florida 32780
14 Telephone: (321) 269-6833
   Facsimile:  (321) 383-9970
15 Email: danfaherty@hotmail.com
   (pro hac vice application forthcoming)
16
17 *Attorneys for Plaintiff Shana Gudgel*

18              **UNITED STATES DISTRICT COURT**
19        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                   **OAKLAND DIVISION**
20

21 SHANA GUDGEL, on behalf of herself and all         Civil Case No. 4:20-cv-05712-PJH
   others similarly situated,
22
                                                       **PLAINTIFF'S RESPONSE IN**
23        Plaintiff,                                   **OPPOSITION TO DEFENDANT'S**
                                                       **MOTION TO DISMISS COMPLAINT**
24        v.
                                                       Hearing:  December 9, 2020
25 THE CLOROX COMPANY,                                 Time:  9:00 a.m.
                                                       Courtroom:  3
26        Defendant.                                   Judge:  Phyllis J. Hamilton
27

28

1
2
3

**TABLE OF CONTENTS**

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.      INTRODUCTION.................................................................................................7

II.     STATEMENT OF FACTS....................................................................................8

III.    LEGAL STANDARD.............................................................................................8

IV.     ARGUMENT

        A.      Plaintiff States Plausible Claims For Relief...................................................9

        B.      Plaintiff Alleges Specific, Actionable Misrepresentations...............................9

        C.      Plaintiff's CLRA, UCL, And FAL Claims Do Not Fail Because A Reasonable
        Consumer Is Likely To Be Misled Into Believing That Clorox Splash Less
        Bleach Is The Same As Clorox "Regular" Bleach...........................................12

        D.      The "Reasonable Consumer" Standard Is A Question of Fact And
        Inappropriate For A Motion to Dismiss………………………………….……14

        E.      Plaintiff's CLRA Claims Do Not Fail Because Plaintiff Has Identified Affirmative
        Misrepresentations....................................................................................15

        F.      Plaintiff Satisfies Rule 9(b)……………………………………...……16

        G.      Plaintiff States A Claim For Unjust Enrichment……………………………..18

        H.      Plaintiff Has Standing To Seek An Injunction……………………………….18

        I.      This Court Has Subject Matter Jurisdiction Over Plaintiff's Claims……….................19

V.      CONCLUSION……………………………………………………………….20

1

**TABLE OF AUTHORITIES**

2

**Cases**                                                         **Page(s)**

3

*Ackerman v. Coca-Cola Co.*,
    CV-09-0395, 2010 U.S. Dist. LEXIS 73156, at *61 (E.D.N.Y. July 21, 2010) ……………......14

4

5

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009). ……………………………………………………………..9

6

7

*Asis Internet Servs. v. Subscriberbase Inc.*,
    No. 09-3503SC, 2010 U.S. Dist. LEXIS 33645 (N.D. Cal. Apr. 1, 2010) ………………………2

8

9

*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753, 762 (9th Cir. 2015) …………………………………………………………18

10

*Brod v. Sioux Honey Ass'n, Co-op.*,
    927 F. Supp. 2d. 811, 828 (N.D. Cal. 2013), aff'd, 609 F. App'x 415 (9th Cir. 2015) …………17

11

12

*Broomfield v. Craft Brew All., Inc.*,
    No. 17-cv-01027-BLF, 2018 U.S. Dist. LEXIS 177812, at *26 (N.D. Cal. Sep. 25, 2018) …….19

13

14

*Bruno v. Quten Research Inst., LLC*,
    280 F.R.D. 524, 535 (C.D. Cal. 2011) …………………………………………………..12

15

16

*Bruton v. Gerber Products Co.*,
    703 Fed. Appx. 468, 470 (9th Cir. 2017) …………………………………………..…..18

17

*Chabner v. United Omaha Life Ins. Co.*,
    225 F.3d 1042, 1048 (9th Cir. 2000) ……………………………………………………17

18

19

*Chavez v. Blue Sky Nat. Beverage Co.*,
    340 Fed. Appx. 359, 361 (9th Cir. 2009) …………………………………………………..15

20

21

*Clancy v. The Bromley Tea Co.*,
    308 F.R.D. 564, 576 (N.D. Cal. 2013) …………………………………………………..17

22

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*,
    911 F.2d 242, 246 (9th Cir. 1990) ………………………………………………………10

23

24

*Cordes v. Boulder Brands USA, Inc.*,
    No. CV 18-6534, 2018 U.S. Dist. LEXIS 217534, at **12-13 (C.D. Cal. Oct. 17, 2018) ……...19

25

26

*Corzine v. Whirlpool Corp.*,
    No. 15-cv-05764, 2016 U.S. Dist. LEXIS 152138 (N.D. Cal. Nov. 2, 2016) …………………..16

27

*Daugherty v. Am. Honda Motor Co., Inc.*,
    144 Cal. App. 4th 824, 835(2006) ………………………………………………………16

28

*David v. Baker*,
   129 Fed. App'x 358, 360 (9th. Cir. 2005) ……………………………………………………..8

*Davidson v. Kimberly-Clark Corp.*,
   873 F.3d 1103 (9th Cir. 2017) …………………………………………………………………...18

*Dei Rossi v. Whirlpool Corp.*,
   No. 2:12-CV-00125-TLN, 2015 WL 1932484, at *7 (E.D. Cal. Apr. 28, 2015) ………………12

*Dorfman v. Nutramax Labs., Inc.*,
   No. 13CV0873 WQH RBB, 2013 U.S. Dist. LEXIS 136949, at *32 (S.D. Cal. Sept. 23, 2013).13

*Goldemberg v. Johnson & Johnson Consumer Cos.*,
   8 F. Supp. 3d 467, 471 (S.D.N.Y. 2014) …………………......……………………………………14

*Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*,
   61 Cal. 4th 988, 1000 (2015) …………………………………………………………………………18

*Henderson v. J.M. Smucker Co.*,
   No. CV 10-4524-GHK (VBKx), 2011 U.S. Dist. LEXIS 27953, at *10-11 (C.D. Cal. Mar. 17, 2011) ……………………………………………………………………………………………………12

*Hilsley v. Ocean Spray Cranberries, Inc.*,
   No. 17cv2335, 2018 U.S. Dist. LEXIS 202679, at *56 (S.D. Cal. Nov. 29, 2018) ……………..19

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
   801 F. Supp. 2d 993, 1010 (S.D. Cal. 2011) ……………………………………………………18

*In re Syntex Corp. Sec. Litig.*,
   95 F.3d 922, 926 (9th Cir. 1996) ……………………………………………………………………8

*Johns v. Bayer Corp.*,
   No. 09CV1935 DMS (JMA), 2010 U.S. Dist. LEXIS 62804, at *4 (S.D. Cal. June 24, 2010)…13

*Johnson v. Gen. Mills, Inc.*,
   No. SACV 10-00061-CJC(ANx), 2011 U.S. Dist. LEXIS 154213 (C.D. Cal. Mar. 3, 2011) ….11

*Kasky v. Nike, Inc.*,
   27 Cal. 4th 939, 951 (2002), as modified (May 22, 2002) ……………………………………...17

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120, 1125 (9th Cir. 2009) …………………………………………………………………16

*Keilholtz v. Lennox Hearth Prods., Inc.*,
   268 F.R.D. 330, 341-342 (N.D. Cal. 2010) ……………………………………………………..18

*Kwikset Corp. v. Super. Ct.*,
   51 Cal. 4th 310, 328-29 (2011) …………………………………………………………………10

*Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*,
  507 U.S. 163, 164 (1993) ……………………………………………………………..17

*Lima v. Gateway*, Inc.,
  710 F. Supp. 2d 1000, 1007-08 (C.D. Cal. 2010)…………………………………………..11

*Marty v. Anheuser- Busch Cos*., LLC,
  43 F. Supp. 3d 1333, 1342 (S.D. Fla. 2014) …………………………………………………11

*McCrary v. Elations Co*., LLC,
  No. EDCV 13-0242 JGB (OPx), 2013 U.S. Dist. LEXIS 173591, at *16-17 (C.D. Cal. Apr. 24, 2013) …………………………………………………………………………………………12

*Morgan v. AT & T Wireless Servs., Inc.*,
  177 Cal. App. 4th 1235, 1255 (2009) ……………………………………………………...15

*Mullins v. Premier Nutrition Corp.*,
  178 F. Supp. 3d 867, 892 (N.D. Cal. 2016) …………………………………………11, 13

*Neubronner v. Milken*,
  6 F.3d 666, 671 (9th Cir. 1993) ……………………………………………………………16

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964, 969 (N.D. Cal. 2008) ………………………………………………16

*Organic Consumers Ass'n v. General Mills, Inc*.,
  No. 2016 CA 6309 B, 2017 D.C. Super. LEXIS 4, *24-25 (D.C. Super. Ct. July 6, 2017) …….14

*People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*,
  104 Cal. App. 4th 508, 516-17 (Cal. Ct. App. 2002)…………………………………………11

*Petrosino v. Stearn's Prods., Inc*.,
  No. 16-CV-7735, 2018 U.S. Dist. LEXIS 55818, *3, *20-21 (S.D.N.Y. Mar. 30, 2018) ………..............14

*Reid v. Johnson & Johnson*,
  780 F.3d 952, 958 (9th Cir. 2015) ……………………………………………………..11, 12

*Reynolds v. Army & Air Force Exch. Serv.*,
  846 F.2d 746 (Fed. Cir. 1988) …………………………………………………………...20

*Silva v. Smucker Natural Foods, Inc*.,
  No. 14-CV-6154, 2015 U.S. Dist. LEXIS 122186, *27 (E.D.N.Y. Sept. 14, 2015) ……………15

*Southland Sod Farms*,
  108 F.3d at 1139……………………………………………………………………………15

*Square 1 Bank v. Lo*,
  128 F. Supp. 3d 1257, 1265 (N.D. Cal. 2015) ………………………………………………8

*Stiffe Co. v. Westwood Lighting Grp.*,
658 F. Supp. 1103, 1115 (D.N.J. 1987) ………………………………………10

*Tobacco II Cases*,
46 Cal. 4th at 312……………………………………………………………...12

*Tran v. Sioux Honey Ass'n, Coop*,
2018 U.S. Dist. LEXIS 146380 at *14-15……………………………….......................14

*Walling v. Beverly Enters.*,
476 F.2d 393, 396 (9th Cir. 1973) ………………… …………………………8

*Williams v. Gerber Prods. Co.*,
552 F.3d 934, 939 n.3 (9th Cir. 2008) ………………………………………..10

*Wyler Summit P'ship v. Turner Broad. Sys., Inc.*,
135 F.3d 658, 661 (9th Cir. 1998) ……………………………………………..8

*Yumul v. Smart Balance*, Inc.,
733 F. Supp. 2d 1117, 1125 (C.D. Cal. 2010) ……………………………………12, 13

*Zeiger v. WellPet LLC*,
304 F. Supp. 3d 837, 850 (N.D. Cal. 2018) ………………………………………18

**Statutes**

Cal. Bus. & Prof. Code § 17500……………………………………………………18

Cal. Civ. Code § 1770……………………………………………………………10

Cal. Civ. Code § 1770(a)(2) ……………………………………………………10

Cal. Civ. Code § 1770(a)(4) ……………………………………………………15

28 U.S.C. § 1332(d)……………………………… ……………………………19

28 U.S.C. § 1332(d)(2)(A) ………………………………………………………19

Fed. R. Civ. P. 9(b) …………………………………………………………....16

## I.      INTRODUCTION

Through false and deceptive packaging and advertising, The Clorox Company ("Defendant") intentionally misleads consumers into believing that its Splash Less Regular bleach product has the same disinfecting properties as its other bleach products.  See Plaintiff's Class Action Complaint ("CAC") ¶ 3. As stated on Defendant's website, bleach sales have increased significantly across the United States with the growing need to disinfect surfaces regularly. However, a critical difference between Defendant's traditional bleach formula and its Splash Less Regular Bleach product has gone largely unnoticed by the general public: Clorox Splash Less Regular Bleach does not disinfect in accordance with the Center of Disease Control's (CDC) pandemic guidelines.

By adding the ingredients needed to achieve the higher viscosity for its Splash Less Regular Bleach formula, Defendant altered the concentration of sodium hypochlorite to a variable 1%-5%, which is not strong enough to sanitize and disinfect pursuant to the CDC guidelines. According to Defendant's website, its regular bleach absent the sudsing agent has a sodium hypochlorite concentration between 5% and 6.5%.

The active ingredient in disinfectants, sodium hypochlorite, is used for disinfecting purposes on a large scale, including for agriculture, synthetic and household purposes, according to Lenntech, a water treatment and purification company. It is effective against bacteria, viruses, and fungi, but only in concentrations above 5%. Hypochlorite is a popular household disinfectant because of its similar properties to chlorine.

To disinfect surfaces, the Center for Disease Control recommends diluting 5 tablespoons of standard-grade bleach per gallon of water. This amount of the Clorox Splash Less Bleach is insufficient for disinfecting and this deception is exacerbated by the Covid-19 pandemic gripping the United States. Based on Defendant's false and deceptive packaging and advertising, consumers, such as Plaintiff Shana Gudgel ("Plaintiff") were misled into believing that the Splash Less Clorox Bleach they purchased would be suitable for disinfecting during the pandemic, when it is not. *Id.* at ¶¶ 14-31.

Plaintiff has sufficiently pled plausible claims for relief by alleging specific and actionable misrepresentations by Defendant that are likely to mislead a reasonable consumer into believing that the Clorox Splash Less product has the same disinfecting capabilities as the traditional bleach product. Furthermore, Plaintiff has sufficiently alleged claims for violation of California's consumer fraud laws, negligent misrepresentation, and unjust enrichment claims by pleading specific misrepresentations as well as Defendant's intent to mislead consumers. Additionally, Plaintiff's negligent misrepresentation claim is not barred by the economic loss doctrine because California law classifies negligent

misrepresentation as a species of fraud for which economic loss is recoverable. Moreover, Plaintiff has standing to bring claims for injunctive relief as she has pled an intent to purchase the Splash Less product in the future if it disinfects effectively. Plaintiff's unjust enrichment claims should not be dismissed based on the duplicity argument advanced by Defendant because that argument has been rejected by the Ninth Circuit. Finally, Plaintiff's claims on behalf of the nationwide class should not be dismissed because this Court has pendent personal jurisdiction over claims brought on behalf of out-of-state consumers and challenges to class allegations should be addressed at class certification.

## II.    STATEMENT OF FACTS

This class action challenges Defendant's intentional false and misleading packaging and advertising of its Splash Less Regular Bleach product. Plaintiff alleges that Defendant makes representations in advertising and on the packaging, such as the splashless formula's slogan, "It's the same Clorox product you love, now with more power per drop" and advertising on the package that the product has "10x Deep Cleaning Benefits."  To further muddy the waters, both the traditional Clorox bleach and the Splash Less product refer to the products as "Regular" on the label, which adds to the confusion.

Plaintiff and other consumers saw and relied on these deceptive representations in purchasing Splash Less Regular bleach, and reasonably believed that the product would adequately disinfect. Had she known that the Splash Less Regular bleach did not adequately disinfect for the pandemic, she would have paid significantly less for the product. As a result, Plaintiff and other consumers have been deceived and have suffered injury.  Despite being deceived, Plaintiff would likely purchase the Splash Less Regular Bleach in the future if it were able to adequately disinfect.

## III.   LEGAL STANDARD

On a motion to dismiss it is defendant's burden to show that plaintiff cannot state a claim for relief. *Square 1 Bank v. Lo*, 128 F. Supp. 3d 1257, 1265 (N.D. Cal. 2015); *David v. Baker*, 129 Fed. App'x 358, 360 (9th. Cir. 2005). For purposes of evaluating a motion to dismiss, all factual uncertainties in the complaint must be construed in the light most favorable to the plaintiff. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). The Court will dismiss only those claims for which it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Any existing ambiguities must be resolved in favor of the pleading. *Walling v. Beverly Enters.*, 476 F.2d 393, 396 (9th Cir. 1973). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.   ARGUMENT

### A.  Plaintiff States Plausible Claims For Relief

Plaintiff has pled plausible claims for relief because she alleges (1) specific, actionable misrepresentations made by Defendant on the Clorox Splash Less Bleach packaging and marketing, (2) that the representations on the Clorox Splash Less Bleach packaging, in their totality, are false and misleading, and (3) that those misrepresentations led Plaintiff and reasonable consumers to believe that the Clorox Splash Less Bleach is suitable for disinfecting during the pandemic, when in fact it is not.

### B.  Plaintiff Alleges Specific, Actionable Misrepresentations

Defendant contends that each of the challenged representations are not actionable because they are not likely to deceive the "reasonable consumer". See Def.'s Mot. to Dismiss at 6. However, Plaintiff has sufficiently identified specific misrepresentations on the packaging and in the marketing of Clorox Splash Less Bleach. Plaintiff alleges the following statements regarding the product are misleading:

First, only on the back of the label, in small print, does the company disclose the following about the splashless product:



Second, while the exact amount of the disinfectant, sodium hypochlorite, is stated on the other regular product, it is conspicuously missing on the splashless variety.

9



Third, to further this misconception, the Splash Less Regular Bleach label includes an image stating the product has "10x Deep Cleaning Benefits."

Fourth, the Clorox Splash Less Regular Bleach and the traditional bleach both refer to the product as "regular" on the front of the label.[1]

Fifth, Defendant markets the product by stating "It's the same Clorox product you love, now with more power per drop."

Sixth, Defendant fails to disclose that the Splash Less Regular Bleach is a diluted formula and does not comply with the Center of Disease Control's guidelines on disinfecting during the pandemic.

Seventh, Defendant refers to the product as "Concentrated."

These misrepresentations and omissions are misleading to the reasonable consumer and leave the reasonable consumer vulnerable during the pandemic. As such, these depictions on the product packaging and marketing are actionable misrepresentations. See *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv*., 911 F.2d 242, 246 (9th Cir. 1990) (quoting *Stiffe Co. v. Westwood Lighting Grp*., 658 F. Supp. 1103, 1115 (D.N.J. 1987)) ("misdescriptions of specific or absolute characteristics of a product are actionable."); see also Cal. Civ. Code § 1770(a)(2), 1770(a)(4); *Kwikset Corp. v. Super. Ct*., 51 Cal. 4th 310, 328-29 (2011) (finding that representations about characteristics of products were actionable).

Furthermore, to assess whether the representations are false or deceptive, courts should view alleged misrepresentations in their totality rather than in isolation. See *Williams v. Gerber Prods. Co*., 552 F.3d 934, 939 n.3 (9th Cir. 2008) (representation that product is "nutritious" may amount to puffery,

---

[1] Defendant's Motion to Dismiss attempts to differentiate the traditional Clorox bleach from the Splash Less product by referring to the traditional product as the "regular" product.  However, both the traditional Clorox bleach and the Splash Less bleach are referred to as "regular" bleach on the label.

but is not subject to dismissal because it "certainly contributes, however, to the deceptive context of the packaging as a whole"); *Marty v. Anheuser- Busch Cos*., LLC, 43 F. Supp. 3d 1333, 1342 (S.D. Fla. 2014) (citing *Williams* and holding that representation such as "German Quality" and "Brewed Under the German Purity Law" should not be evaluated "in a vacuum" and should rather be viewed in conjunction with other statements on the packaging of the beers); *Lima v. Gateway*, Inc., 710 F. Supp. 2d 1000, 1007-08 (C.D. Cal. 2010) (holding that while several of the representations made by the defendant, considered in isolation, may amount to mere puffery, the statements taken as a whole are likely to deceive members of the public); *Johnson v. Gen. Mills, Inc*., No. SACV 10-00061-CJC(ANx), 2011 U.S. Dist. LEXIS 154213, at *4-6 (C.D. Cal. Mar. 3, 2011) (rejecting defendant's attempt to isolate each particular representation in order to argue that each representation standing alone is non-actionable); *Mullins v. Premier Nutrition Corp*., 178 F. Supp. 3d 867, 889 (N.D. Cal. 2016) ("The California statutes [plaintiff] invokes recognize claims even where representations may not be misleading in isolation, but are deceptive when considering the package and advertisement as a whole.").

Here, Plaintiff alleges that she relied on marketing and numerous representations on the packaging in purchasing the Splash Less Regular Bleach. In a detailed and extensive complaint, Plaintiff challenges numerous deceptive statements and images found in marketing and on the package. Furthermore, Plaintiff alleges that these representations and marketing, taken as a whole, are clearly designed to create the false impression that both Clorox Regular bleach products are viewed as having the same disinfecting properties. Accordingly, the representations challenged by Plaintiff, when viewed in their totality, are actionable misrepresentations by Defendant that the Splash Less Regular product is suitable for disinfecting during a pandemic.

Defendant goes on to argue that even if such statements were actionable, Plaintiff's claims should be dismissed because she does not allege she actually relied on them. Def.'s Mot to Dismiss at 14-15. However, a plaintiff does not need to show reliance to sufficiently plead a claim under the UCL. *People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*, 104 Cal. App. 4th 508, 516-17 (Cal. Ct. App. 2002) ("Under section 17200, the test is whether the public is likely to be deceived. This means that a section 17200 violation, unlike common law fraud, can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.") (internal citations omitted).  The "reasonable consumer" standard applied for UCL class action purposes, "unlike the individual reliance requirement . . . is not a standing requirement." See *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015)

(district court erred when it evaluated consumer standing requirement under a reasonable consumer standard").

The "reasonable consumer standard" is used in determining what constitutes a "material misrepresentation" in a class action context. See *Dei Rossi v. Whirlpool Corp.*, No. 2:12-CV-00125-TLN, 2015 WL 1932484, at *7 (E.D. Cal. Apr. 28, 2015); see also *Yumul v. Smart Balance*, Inc., 733 F. Supp. 2d 1117, 1125 (C.D. Cal. 2010) ("California courts have held that reasonable reliance is not an element of claims under the UCL, FAL, and CLRA."). In this respect, courts avoid subjective inquiries into each class member's experience with the product. Instead, they focus on a defendant's representations about the product through a single, objective "reasonable consumer" standard. *Dei Rossi*, 2015 WL 1932484, at 7. Under this standard, "a misrepresentation [is] material … if a reasonable [person] would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question." See *Bruno v. Quten Research Inst.*, *LLC*, 280 F.R.D. 524, 535 (C.D. Cal. 2011) (quoting *Tobacco II*, 46 Cal. 4th at 312) (internal quotation marks omitted). The fact that some consumers may have purchased the product for other reasons does not defeat a finding that the product was marketed with a material misrepresentation, which establishes an injury. *Dei Rossi*, 2015 WL 1932484, at 7 (holding defendant's nationwide marketing campaign and prominent display of the energy star logo on all its appliances created a presumption of material reliance by the class upon those representations).

### C. Plaintiff's CLRA, UCL, and FAL Claims Do Not Fail Because A Reasonable Consumer Is Likely To Be Misled Into Believing That Clorox Splash Less Regular Bleach Is The Same Strength As The Traditional "Regular" Bleach Product

Claims under California consumer protection statutes are governed by the "reasonable consumer" test, under which a plaintiff, at trial, must show that members of the public are likely to be deceived by the alleged deception. *Williams*, 552 F.3d at 938. But the "reasonable consumer" threshold is low at the motion to dismiss phase. Under California law, whether a business practice is deceptive will usually be a question of fact not appropriate for decision on a motion to dismiss. See *Henderson v. J.M. Smucker Co.*, No. CV 10-4524-GHK (VBKx), 2011 U.S. Dist. LEXIS 27953, at *10-11 (C.D. Cal. Mar. 17, 2011). Only in a "rare situation" is a motion to dismiss on California false advertising claims appropriate. *Williams,* 552 F.3d at 939; *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) (same); *Asis Internet Servs. v. Subscriberbase Inc.*, No. 09-3503SC, 2010 U.S. Dist. LEXIS 33645, at *5 (N.D. Cal. Apr. 1, 2010) (Whether a reasonable consumer is likely to be deceived "is clearly a question

of fact, which is best left for a jury, unless no reasonable trier of fact could conclude otherwise.") (internal citations omitted).

As with Plaintiff Gudgel, reasonable consumer is likely to be misled into believing that the Clorox Splash Less Regular Bleach is the same strength as the traditional bleach, as discussed above, Defendant has made numerous representations on the packaging indicating that the Splash Less Regular product is no different than the traditional regular bleach. Therefore, the representations do not make it "impossible for the plaintiff[s] to prove that a reasonable consumer was likely to be deceived." *McCrary v. Elations Co*., LLC, No. EDCV 13-0242 JGB (OPx), 2013 U.S. Dist. LEXIS 173591, at *16-17 (C.D. Cal. Apr. 24, 2013) (quoting *Yumul v. Smart Balance, Inc*., 733 F. Supp. 2d 1117, 1129 (C.D. Cal. 2010)).

Despite this, Defendant asks the Court to look beyond the four corners of the CAC and find, as a matter of law, that the conduct described therein would not mislead a reasonable consumer because such a consumer could not confuse  the disinfecting qualities of traditional "Clorox Regular Bleach"  with "Clorox Splash Less Regular Bleach." This is erroneous for several reasons.

First, Plaintiff's allegations in the CAC regarding Defendant's false and deceptive advertising do not involve Federal Drug Administration (FDA) approval regarding packaging. Therefore, any reference by Defendant to the FDA should be disregarded by the Court.  The crux of Plaintiff's claim, as stated in her CAC, is that the diluted Splash Less Bleach does not meet the Center for Disease Control's (CDC) guidelines for disinfecting during this pandemic.

Second, even if the Court were to consider representations on the label, the impact of a disclosure on a reasonable consumer is not an appropriate matter to determine on a motion to dismiss and should be left for a jury to decide. "California law generally reserves for the jury the question of whether a reasonable consumer is likely to be deceived, and thus a jury should typically review the package as a whole to evaluate the impact of the disclaimer." *Mullins v. Premier Nutrition Corp*., 178 F. Supp. 3d 867, 892 (N.D. Cal. 2016); see also *Dorfman v. Nutramax Labs., Inc*., No. 13CV0873 WQH RBB, 2013 U.S. Dist. LEXIS 136949, at *32 (S.D. Cal. Sept. 23, 2013) ("[t]he presence of a disclaimer . . . does not require dismissal of the fraudulent advertising claims."); *Johns v. Bayer Corp*., No. 09CV1935 DMS (JMA), 2010 U.S. Dist. LEXIS 62804, at *4 (S.D. Cal. June 24, 2010) (refusing to grant a motion to dismiss false advertising claims because the packaging had a disclaimer).

Third, Defendant's placement of the disclosure is problematic. In *Williams*, the defendant, as Defendant does here, argued that misleading representations on the front of the product label were cured by accurate statements listed elsewhere on the product label. *Williams*, 552 F.3d at 937. The Ninth

Circuit squarely rejected this argument, reversing the district court's order dismissing the plaintiff's UCL and CLRA claims, and holding that a reasonable consumer should not be expected to look beyond misleading representations to discover the truth elsewhere in fine print. Id. at 939. Courts in other districts have applied the same reasoning. See, e.g., *Ackerman v. Coca-Cola Co*., CV-09-0395, 2010 U.S. Dist. LEXIS 73156, at *61 (E.D.N.Y. July 21, 2010) (denying motion to dismiss and concluding that the sugar content disclosure on the nutrition label "[did] not eliminate the possibility that reasonable consumers may be misled" regarding its nutritional contents.); *Goldemberg v. Johnson & Johnson Consumer Cos*., 8 F. Supp. 3d 467, 471 (S.D.N.Y. 2014) (where "advertising exclusively tout[ed]" the natural ingredients in its "Active Naturals" personal care products, the disclosure of synthetic ingredients on the back label did not as a matter of law prevent a reasonable consumer from being misled).

### D. The "Reasonable Consumer" Standard Is A Question Of Fact And Inappropriate For A Motion To Dismiss

As mentioned above, the reasonableness of consumer perception is generally considered a "question of fact not appropriate for [a] decision on demurrer." *Bautista*, 2016 U.S. Dist. LEXIS 95486, at *9 (citation omitted). In similar contexts, courts have specifically held (1) it is plausible to assert that "natural" means free from synthetic residues, and (2) a reasonable consumer's belief cannot be determined as a matter of law. See *Organic Consumers Ass'n v. General Mills, Inc*., No. 2016 CA 6309 B, 2017 D.C. Super. LEXIS 4, *24-25 (D.C. Super. Ct. July 6, 2017) ("Plaintiffs, by contrast, allege specifically and plausibly that the precise wording Defendants use on its product labels misleads consumers—i.e., that Defendant's products contain traces of a chemical agent while representing to be made from 100% natural whole grain oats, and that Defendant thus misleads consumers seeking to purchase and consume 'natural' foods. Whether Plaintiffs' claims are meritorious is not at issue at this juncture; plainly, a reasonable fact-finder considering the facts as alleged could conclude that consumers have been misled."); see also, e.g., *Tran,* 2018 U.S. Dist. LEXIS 146380 at *14-15 (stating that reasonable consumer "may interpret the word 'Pure' (and particularly, '100% Pure') to mean that the final product does not contain any substance (even in trace amounts) that is not essential to the honey, particularly synthetic substances such as [a pesticide]"); *Petrosino v. Stearn's Prods., Inc*., No. 16-CV-7735, 2018 U.S. Dist. LEXIS 55818, *3, *20-21 (S.D.N.Y. Mar. 30, 2018) (stating that "a reasonable consumer would understand 'natural' to mean that the products do not contain synthetic or artificial ingredients" as "a reasonable consumer acting reasonably very well could be misled because they could conclude that the 'natural' label on the cosmetics means that they are made with all natural products"

(citation omitted)); *Silva v. Smucker Natural Foods, Inc.*, No. 14-CV-6154, 2015 U.S. Dist. LEXIS 122186, *27 (E.D.N.Y. Sept. 14, 2015) (citation omitted) ("What a reasonable consumer's interpretation of a seller's representation might be is generally an issue of fact that is not appropriate for decision on a motion to dismiss."). Here, the reasoning is the same for a diluted version of the original product.

Furthermore, Defendant's message must be analyzed as a whole, in context, and in light of both the express and implied messaging. The words "10x Deep Cleaning Benefits" and "It's the same Clorox product you love, now with more power per drop" appear on all of the Splash Less Bleach packaging. Plaintiff relied on the packaging and marketing by Defendant when purchasing the bleach, CAC ¶¶ 28-29 (depicting package which states "10x Deep Cleaning Benefits"). The packaging also refers to both products as the "Regular" bleach.

Even in a vacuum, Plaintiff adequately alleges the phrase "10x Deep Cleaning Benefits" and the word "Regular" are false and misleading. However, it is well settled that words or phrases cannot be viewed in isolation to determine their effect on a consumer. *Williams*, 552 F.3d at 939 n.3; *Southland Sod Farms*, 108 F.3d at 1139; *see also Morgan v. AT & T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1255 (2009) ("a perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under [Section 17200]"). Instead, the overall message, including its express and implied meanings, must be analyzed when determining if a false or misleading representation is conveyed. Here, the Complaint alleges the effect of Defendant's advertising is to convey a deceptive disinfecting message. That is, the combined effect of the advertised language, including "10x Deep Cleaning Benefits" and referring to the Splash Less Bleach product as "Regular" comprise a message that is false and misleading. Plaintiff adequately alleges that Defendant's marketing message is false and misleading because the product is unsuitable for disinfecting under the CDC guidelines.

### E.  Plaintiffs' CLRA Claims Do Not Fail Because Plaintiff Has Identified Affirmative Misrepresentations

One of the enumerated "unfair methods of competition and unfair or deceptive acts or practices" under the CLRA is the use of "deceptive representations or designations of geographic origin in connection with goods." Cal. Civ. Code § 1770(a)(4); see also *Chavez v. Blue Sky Nat. Beverage Co*., 340 Fed. Appx. 359, 361 (9th Cir. 2009) (holding that the defendant misrepresented the origin and nature of soda by including "Santa Fe, New Mexico" on label when soda was not bottled and produced in New Mexico). Plaintiff has pled that Defendant has done similar advertising regarding the strength of the Splash Less Bleach. Contrary to Defendant's assertion, Plaintiff has identified deceptive

representations and omissions made by Defendants on the Splash Less Clorox Bleach packaging and marketing, which when viewed in isolation and in their totality, are actionable under the CLRA. See CCAC ¶¶ 23-31.

In the alternative, to the extent Defendant argues that Plaintiff's allegations are based on omissions on the packaging, Plaintiff has adequately pled a fraudulent omission. Under the CLRA, a plaintiff can bring a cause of action for an omission if it is "contrary to a representation actually made by the defendant." *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 969 (N.D. Cal. 2008) (quoting *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 835(2006)); *Corzine v. Whirlpool Corp.*, No. 15-cv-05764, 2016 U.S. Dist. LEXIS 152138, at *16 (N.D. Cal. Nov. 2, 2016) (Freeman, J.). Plaintiff has alleged that Defendant has made numerous misrepresentations concerning the disinfecting strength of the Splash Less Bleach.  As noted on page 6 above, Defendant revised and moved the active ingredient list from the front of the traditional bleach to the back of the label on the Splash Less Bleach product to conceal its diluted formulation.  The actual percentage of the active ingredient has been omitted.  This omission is contrary to the marketing and advertising of the Splash Less Bleach product designed to conceal that fact that the Splash Less Bleach is diluted to the point that it is unsuitable for disinfecting pursuant to CDC guidelines. Therefore, Plaintiff has also pled a cause of action under the CLRA for a fraudulent omission.

### F.  Plaintiff Satisfies Rule 9(b)

Federal Rule of Civil Procedure 9(b) heightens the pleading requirements for all claims that "sound in fraud" or are "grounded in fraud." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citation omitted); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "[The Ninth Circuit] has interpreted Rule 9(b) to require that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (internal quotation marks and citation omitted).

California's UCL prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. To plead a claim under the UCL's "fraudulent" prong, a plaintiff must plausibly allege that the defendant's product claims are false or misleading. *Williams*, 552 F.3d 934, 938 (9th Cir. 2008). The UCL's "unfair" prong

prohibits "not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." Id. (quoting *Kasky v. Nike, Inc*., 27 Cal. 4th 939, 951 (2002), as modified (May 22, 2002)); *Brod v. Sioux Honey Ass'n, Co-op*., 927 F. Supp. 2d. 811, 828 (N.D. Cal. 2013), aff'd, 609 F. App'x 415 (9th Cir. 2015). The UCL's "unlawful" prong incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. *Chabner v. United Omaha Life Ins. Co*., 225 F.3d 1042, 1048 (9th Cir. 2000). California's CLRA prohibits any "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770. The FAL prohibits any "untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17500. A violation of the FAL "necessarily violates the UCL." *Kasky*, 27 Cal. 4th at 950.

UCL, CLRA, and FAL claims are all governed by the "reasonable consumer" test. *Williams*, 552 F.3d at 938. Thus, to state a claim, plaintiff must plausibly plead that "members of the public are likely to be deceived." *Id*. (quotations and citations omitted). "California courts . . . have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Id*. It is a "rare situation" when "granting a motion to dismiss [a UCL claim] is appropriate." *Id*. at 939.

This case does not present that "rare situation." Plaintiff alleges that Defendant misled consumers through marketing, advertising, and omissions that the Clorox Splash Less Regular Bleach product was no different than the traditional regular bleach and would be suitable for disinfecting during the pandemic. Plaintiff pleads that she understood that's what the Splash Less Regular Bleach product would do for her, the representation was false, and that she lost money as a result. Compl. ¶¶ 24-31. At the pleading stage, the Court "must accept as true all the factual allegations in the complaint." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

In sum, the "who" is Defendant Clorox; the "what" is the packaging and advertising by Defendant that use of the Splash Less Clorox Bleach product was suitable during a pandemic.  see Compl. ¶ 24, the "when" is the start of sales of Splash Less Bleach (the class period); the "where" is all major retailers that sell cleaning products in the United States. See *Clancy v. The Bromley Tea Co*., 308 F.R.D. 564, 576 (N.D. Cal. 2013). "The [complaint] alleges that Defendant's marketing and advertising were in violation of the [] [l]aw, and that Plaintiff reasonably relied on those statements to purchase products [s]he would not have purchased absent these allegedly deceptive statements, satisfying the

requirement to demonstrate 'how' the statements were misleading." *Id*. See also *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 850 (N.D. Cal. 2018) (finding plaintiffs have fulfilled their burden to describe with particularity the circumstances giving rise to their claims sufficiently to allow defendant to defend against those claims).

### G.  Plaintiff States A Claim For Unjust Enrichment

Defendant's sole argument for dismissing Plaintiff's unjust enrichment claim is that there is purportedly no unjust enrichment cause of action in California. Defendant's Motion to Dismiss at 14. That is incorrect. See, e.g., *Astiana v. Hain Celestial Grp., Inc*., 783 F.3d 753, 762 (9th Cir. 2015) ("To the extent the district court concluded that the cause of action was nonsensical because it was duplicative or superfluous to Astiana's other claims, this is not grounds for dismissal"); *Keilholtz v. Lennox Hearth Prods*., Inc., 268 F.R.D. 330, 341-342 (N.D. Cal. 2010) (certifying nationwide unjust enrichment class in case concerning allegedly dangerous fireplaces); *In re Hydroxycut Mktg. & Sales Practices Litig*., 801 F. Supp. 2d 993, 1010 (S.D. Cal. 2011) (summarizing case law holding that unjust enrichment can be a separate claim). Nearly two years ago, "the California Supreme Court ha[d] clarified California law, allowing an independent claim for unjust enrichment. . . ." *Bruton v. Gerber Products Co*., 703 Fed. Appx. 468, 470 (9th Cir. 2017) (citing *Hartford Cas. Ins. Co. v. J.R. Mktg*., L.L.C., 61 Cal. 4th 988, 1000 (2015)).

### H.  Plaintiff Has Standing To Seek An Injunction

According to Defendant, Plaintiff lacks Article III standing to seek an injunction because she has failed to make "a plausible allegation of potential future harm."  To the contrary, the Complaint alleges future harm to herself and the putative class. Plaintiff alleges that she has a willingness to buy Clorox products if she can believe that these products are capable of disinfecting for the pandemic. CAC ¶¶ 14-31. Her injury is ongoing through her inability to trust the labels. This is the precise situation considered in *Davidson v. Kimberly-Clark Corp*., 873 F.3d 1103 (9th Cir. 2017), as amended on denial of reh'g en banc, 889 F.3d 956 (9th Cir. 2018):

> [A] previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm. . . . Knowledge that the

advertisement or label was false in the past does not equate to knowledge that it will remain false in the future.

*Davidson*, 889 F.3d at 969 (citation omitted). The Ninth Circuit ultimately found that the *Davidson* plaintiff identified an actual and imminent threat of future harm because she (1) alleged that she had a desire to purchase the products in the future, and (2) alleged that her harm was concrete and particularized because of her "inability to rely on the validity of the information advertised on [the Products]." *Id*. at 969-970. Plaintiff alleges that (1) she has a desire to buy these or similar products; and (2) the misrepresentations by Defendant regarding the product is ongoing. Similar factual situations have established plaintiffs' standing to seek an injunction. See, e.g., *Hilsley v. Ocean Spray Cranberries, Inc*., No. 17cv2335, 2018 U.S. Dist. LEXIS 202679, at *56 (S.D. Cal. Nov. 29, 2018) ("[Plaintiff's] assertions show that she intends to purchase the [products] again in the future if the labels were accurate. However, she is unable to 'rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to'." (quoting *Davidson*, 889 F.3d at 969-70)); *Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2018 U.S. Dist. LEXIS 177812, at *26 (N.D. Cal. Sep. 25, 2018) ("Thus, just like the plaintiff in *Kimberly-Clark*, Plaintiffs have alleged harm based on their 'inability to rely on the validity of the information advertised . . . in deciding whether or not [they] should purchase the product in the future'."). *Cf. Cordes v. Boulder Brands USA, Inc*., No. CV 18-6534, 2018 U.S. Dist. LEXIS 217534, at **12-13 (C.D. Cal. Oct. 17, 2018) (differentiating *Davidson* because unlike the quantity of pretzels in package, the representation in *Davidson* could be confirmed only by purchasing the product).

Thus, Plaintiff has alleged facts that show that although she would be willing to purchase the products again, she cannot rely on representations by Defendant absent injunctive relief.

**I.   This Court Has Subject Matter Jurisdiction Over Plaintiff's Claims**

The Class Action Fairness Act, 28 U.S.C. § 1332(d), provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff Gudgel is a citizen of Florida. CAC ¶ 11. Defendant is organized under the laws of Delaware, with principal places of business in Oakland, California. Id. ¶¶ 12. At issue in this case is the sale of Defendant's Splash Less bleach product to thousands of consumers, totaling an amount in controversy

of more than $5,000,000. Id. Thus, Plaintiff's burden to allege subject matter jurisdiction at this stage is satisfied.

Plaintiff Gudgel purchased the Splash Less Regular Bleach product that was not suitable for sanitizing during this pandemic. CAC ¶ 11. Plaintiff alleges that Splash Less Regular Bleach as specifically advertised conveys to consumers that the product will disinfect as the traditional formula. Id. ¶¶ 14-31. The question raised by the Complaint is whether it is false or misleading to market the product as capable of disinfecting when the product is a diluted version of the traditional formula and does not disinfect per CDC guidelines.

Because Defendant has not elaborated further on this Court's subject matter jurisdiction, Plaintiff cannot present additional argument supporting this Court's jurisdiction. If the Court believes it lacks subject matter jurisdiction of this matter, Plaintiff respectfully requests additional briefing and an opportunity to respond. See *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746 (Fed. Cir. 1988) (finding that plaintiff must be afforded opportunity to establish jurisdictional facts before dismissal on Fed. R. Civ. P. 12(b)(1) motion).

## V.    CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion to Dismiss in its entirety. Alternatively, if the Court is inclined to grant any portion of Defendant's Motion, Plaintiff respectfully requests that the Court do so without prejudice, and permit Plaintiff leave to file an amended complaint.

DATED: November 5, 2020                          Respectfully submitted,

                                                 s/ Daniel Levinson
                                                 DANIEL LEVINSON
                                                 JUSTIN STOCKTON
                                                 LEVINSON STOCKTON LLP
                                                 990 Highland Drive, Suite 206
                                                 Solana Beach, CA 92075
                                                 Telephone: (858) 792-1100
                                                 Email: justin@levinsonstocktonllp.com
                                                 Email: dan@levinsonstocktonllp.com

                                                 THE WRIGHT LAW OFFICE, LLP
                                                 WILLIAM WRIGHT
                                                 301 Clematis Street, Suite 3000
                                                 West Palm Beach, Florida 33401
                                                 Telephone: (561) 514-0904
                                                 Email: willwright@wrightlawoffice.com

1

2

3         DANIEL FAHERTY
          TELFER, FAHERTY, & ANDERSON, PL
4         815 S. Washington Avenue, Suite 201
          Titusville, Florida 32780
5         Telephone: (321) 269-6833
          Facsimile:  (321) 383-9970
6         Email: danfaherty@hotmail.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

Dated: November 5, 2020                    By: s/Daniel Levinson