United States District Court
Northern District of California

1
2
3
4                 UNITED STATES DISTRICT COURT
5              NORTHERN DISTRICT OF CALIFORNIA
6
7   SHANA GUDGEL,
                                        Case No. 20-cv-05712-PJH
8            Plaintiff,
9       v.                              **ORDER GRANTING MOTION TO**
                                        **DISMISS WITH LEAVE TO AMEND**
10  THE CLOROX COMPANY,
11           Defendant.
12
13

14          Defendant The Clorox Company's ("Clorox" or "defendant") motion to dismiss

15  came on for hearing before this court on December 9, 2020. Plaintiff Shana Gudgel

16  ("plaintiff") appeared through her counsel, William Wright and Daniel Levinson.

17  Defendant appeared through its counsel, Emily Johnson Henn. Having read the papers

18  filed by the parties and carefully considered their arguments and relevant authority, and

19  good cause appearing, the court hereby GRANTS defendant's motion for the following

20  reasons.

21                            **BACKGROUND**

22          This is a product labeling case, brought as a putative class action, arising out of

23  Clorox's "Splash-less Bleach" product. Plaintiff's central allegation is that the product's

24  packaging and marketing would lead a reasonable consumer to believe that the product

25  is suitable for disinfecting, and because the product is not suitable for that purpose, its

26  packaging and marketing are misleading.

27          On August 14, 2020, plaintiff filed this suit on behalf of herself and a putative class,

28  asserting five causes of action against Clorox: (1) violation of the California Consumers

United States District Court
Northern District of California

1   Legal Remedies Act ("CLRA") § 1750; (2) violation of California Unfair Competition Law

2   ("UCL"), Cal. Bus. & Prof. Code § 17500; (3) violation of California False Adverting Law

3   ("FAL"), Cal. Bus. & Prof. Code § 17500; (4) negligent misrepresentation; and (5) unjust

4   enrichment.

5          Plaintiff alleges that, shortly after the World Health Organization declared COVID-

6   19 a pandemic on March 11, 2020, she purchased a 116 fl. oz. container of Clorox

7   Splash-less Liquid Bleach for $3.99.  Complaint, ¶ 11.  Plaintiff alleges that she bought

8   the product on the belief that it would be suitable for disinfecting surfaces as a way to

9   control the spread of the coronavirus.  Id., ¶¶ 20, 69.

10          Plaintiff alleges that, after she bought the product, she learned that the splash-less

11   product is not actually suitable for disinfecting.  Complaint, ¶ 11.  The splash-less formula

12   contains only 1-5% of sodium hypochlorite (the active ingredient in bleach), whereas

13   plaintiff alleges that a minimum of 5% sodium hypochlorite is needed to be an effective

14   disinfecting agent.  Id., ¶¶ 24-25.

15          Plaintiff alleges that she was misled by Clorox's labeling and advertising into

16   believing that the splash-less product would be effective for disinfecting.  Plaintiff alleges

17   that, "only on the back of the label, in small print, does the company disclose" that the

18   product is not to be used for disinfecting.  Complaint, ¶ 30.

19          Plaintiff defines the putative class as "all persons residing in the United States who

20   purchased Splash-Less Clorox during the applicable statute of limitations."  Complaint,

21   ¶ 32.

22          Plaintiff seeks compensatory damages and "an injunction or other appropriate

23   equitable relief requiring defendant to refrain from engaging in the deceptive practices"

24   alleged in the suit.  Complaint at 14.

25          Clorox moves to dismiss under Rule 12(b)(6) for failure to state a claim, under

26   Rule 9(b) for failure to "allege with particularity the averments of fraud underlying her

27   claim," and under Rule 12(b)(1) for lack of standing to pursue injunctive relief.

28

**DISCUSSION**

**A.    Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, 349 F.3d 1191, 1199–1200 (9th Cir. 2003).  Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).  The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 558–59 (2007) (citations and quotations omitted).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'"  Id. at 679.  Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment.  Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

For plaintiff's claims that sound in fraud, the allegations must also meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  Rule 9(b) requires a party alleging fraud or mistake to state with particularity the circumstances constituting fraud or mistake. To satisfy this standard, the "complaint must identify the who, what, when, where, and

how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation and internal quotation marks omitted).

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007). The court may consider matters that are properly the subject of judicial notice, Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), and may also consider exhibits attached to the complaint, see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced extensively in the complaint and documents that form the basis of a the plaintiff's claims. See No. 84 Emp'r-Teamster Jt. Counsel Pension Tr. Fund v. Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

If dismissal is warranted, it is generally without prejudice, unless it is clear that the complaint cannot be saved by any amendment. Sparling, 411 F.3d at 1013. "Leave to amend may also be denied for repeated failure to cure deficiencies by previous amendment." Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742 (9th Cir. 2008).

**B.    Analysis**

**1.    Whether the Product Would Deceive a Reasonable Consumer**

Plaintiff's first three causes of action are brought under California statutes: the Consumer Legal Remedies Act ("CLRA"), the Unfair Competition Law ("UCL"), and the False Advertising Law ("FAL"). The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The FAL prohibits "any unfair, deceptive, untrue, or misleading advertising." Williams v. Gerber Prod. Co., 552 F.3d 934, 938 (9th Cir. 2008) (citing Cal. Bus. & Prof. Code § 17500) (internal quotation marks omitted).

United States District Court
Northern District of California

1    The Ninth Circuit has explained that "these [three] California statutes are governed

2    by the 'reasonable consumer' test." Williams, 552 F.3d at 938 (quoting Freeman v. Time,

3    Inc., 68 F.3d 285, 289 (9th Cir. 1995)); accord Consumer Advocates v. Echostar Satellite

4    Corp., 113 Cal. App. 4th 1351, 1360 (2003).  "Under the reasonable consumer standard,

5    [plaintiffs] must show that members of the public are likely to be deceived." Williams, 552

6    F.3d at 938.  "The California Supreme Court has recognized that these laws prohibit not

7    only advertising which is false, but also advertising which[,] although true, is either

8    actually misleading or which has a capacity, likelihood or tendency to deceive or confuse

9    the public." Id. (internal quotation marks omitted) (quoting Kasky v. Nike, Inc., 27 Cal. 4th

10   939, 951 (2002)).  The reasonable consumer test requires more than a mere possibility

11   that defendant's product "might conceivably be misunderstood by some few consumers

12   viewing it in an unreasonable manner." Lavie v. Procter & Gamble Co., 105 Cal. App. 4th

13   496, 508 (2003).  Rather, the test requires a probability "that a significant portion of the

14   general consuming public or of targeted consumers, acting reasonably in the

15   circumstances, could be misled." Id.

16   Generally, "whether a reasonable consumer would be deceived . . . [is] a question

17   of fact not amenable to determination on a motion to dismiss." Ham v. Hain Celestial

18   Grp., Inc., 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014); see Reid v. Johnson & Johnson,

19   780 F.3d 952, 958 (9th Cir. 2015).  "However, in rare situations a court may determine,

20   as a matter of law, that the alleged violations of the UCL, FAL, and CLRA are simply not

21   plausible." Ham, 70 F. Supp. 3d at 1193.

22   Clorox's central argument is that plaintiff "does not identify a valid theory of

23   deception, because plaintiff alleges no facts showing an affirmative misrepresentation or

24   fraudulent omission." Dkt. 26 at 6-12.  Clorox argues that the label makes no statement

25   or suggestion that the product at issue is suitable for sanitization or disinfection.  Dkt. 26

26   at 8.  Clorox further points out that the product's back label specifically states: "Not for

27   sanitization or disinfection." Dkt. 26 at 2-3.  Thus, Clorox contends that a reasonable

28   consumer would not be misled, and as a result, plaintiff's statutory claims should be

1   dismissed.

2        Plaintiff counters by arguing that she has alleged "specific, actionable

3   misrepresentations," and identifies the following: (1) Clorox's disclaimer that the product

4   does not sanitize/disinfect appears "only on the back of the label, in small print," (2) the

5   product's label omits the percentage of sodium hypochlorite, (3) the label states the

6   product has "10x Deep Cleaning Benefits," (4) the front of the product's label uses the

7   term "regular," (5) Clorox markets the product by stating "it's the same Clorox product you

8   love, now with more power per drop," (6) Clorox does not disclose that the splash-less

9   product is a diluted formula and not compliant with guidelines from the Centers for

10  Disease Control and Prevention ("CDC"), and (7) the product's label refers to it as

11  "concentrated."  Dkt. 27 at 9-10.

12        Starting with (1), plaintiff argues that a disclaimer in small print cannot cure the

13  deception caused by the rest of the product's label.  For support, plaintiff cites to Williams

14  v. Gerber.  That case involved a "Fruit Juice Snacks" product with pictures of various

15  different fruits on the label, even though the ingredient list stated that none of those fruits

16  were actually contained in the product.  552 F.3d at 939.  The Ninth Circuit determined

17  that a reasonable consumer could be deceived by the images depicting "a number of

18  different fruits, potentially suggesting (falsely) that those fruits or their juices are

19  contained in the product."  Id.  The Williams court rejected the argument that a

20  misrepresentation on the front of the package could be cured by a disclaimer on the back

21  of the package, instead concluding "reasonable consumers expect that the ingredient list

22  contains more detailed information about the product that confirms other representations

23  on the package."  Id. at 939-40 (emphasis added).

24        However, unlike Williams, this case involves no actual misrepresentation or

25  deception that conflicts with the language of the product's disclaimer that it is "not for

26  sanitization or disinfection."  In other words, the Clorox label at issue contains no

27  misleading words or images that are analogous to the pictures of fruit in Williams.  There

28  are no words or images on the product's label that would lead a reasonable consumer to

United States District Court
Northern District of California

1    believe that the product was capable of sanitizing or disinfecting.  As a result, plaintiff

2    cannot state a claim under the reasonable consumer test based on the insufficiency of

3    the label's disclaimer.[1]

4        As to (2), plaintiff argues that the label omits the percentage of sodium

5    hypochlorite.  However, plaintiff has not adequately explained how a reasonable

6    consumer would be deceived by this omission, especially in light of the disclaimer stating

7    that the product is "not for sanitization or disinfection."  Accordingly, plaintiff cannot state

8    a claim under the reasonable consumer test based on the omission of the specific

9    percentage of sodium hypochlorite.

10        Turning to (3), plaintiff argues that the claim "10x Deep Cleaning Benefits" is

11   deceptive or misleading.  Clorox argues that the claim refers to the fact that the product is

12   in concentrated form and must be diluted before use.  Dkt. 28 at 3.  The court concludes

13   that the phrase "10x Deep Cleaning Benefits" does not constitute a representation that

14   the product may be used for sanitizing or disinfecting purposes.  Accordingly, plaintiff

15   cannot state a claim under the reasonable consumer test based on the inclusion of the

16   phrase "10x Deep Cleaning Benefits."

17        As to (4), plaintiff points to the use of the term "regular" on the label of its splash-

18   less bleach.  Clorox argues that the term "regular," in this context, would not lead a

19   reasonable consumer to believe that the product had sanitizing or disinfecting

20   capabilities, and the court agrees.  Plaintiff cannot state a claim under the reasonable

21   consumer test based on the use of the term "regular."

22        As to (5), plaintiff argues that Clorox "markets the product" by stating "it's the same

23   Clorox product you love, now with more power per drop."  Dkt. 27 at 10.  However, this

[1] The court is not persuaded that Clorox needed to include any disclaimer regarding the product's lack of disinfecting capabilities, in light of the fact the label made no claim regarding disinfecting capabilities.  However, even assuming for purposes of this motion that a disclaimer was required, plaintiff has not provided support for the argument that a disclaimer on the back of a label like the one on the splash-less product is inherently insufficient, even when there is no deception on the front of the label that needs to be cured, and where the front of the label clearly identifies the product's intended purpose to whiten, brighten, and deodorize.

1    phrase does not appear on the product's label, and plaintiff has not identified any specific

2    marketing materials showing the use of the phrase, or explained where a reasonable

3    consumer would have seen the phrase.  As a result, the phrase "it's the same Clorox

4    product you love, now with more power per drop" cannot be used as the basis to state a

5    claim under the reasonable consumer test.

6         As to (6), plaintiff argues that Clorox does not disclose that the product does not

7    comply with CDC guidelines for disinfecting.  However, as discussed above, the product's

8    label contains no representation that the product is capable of disinfecting, nor any

9    representation that it complies with CDC guidelines.  Accordingly, in the absence of any

10   specific misrepresentation regarding compliance with CDC guidelines, plaintiff cannot

11   state a claim under the reasonable consumer test based on the product's alleged lack of

12   compliance with CDC guidelines.

13        Finally, as to (7), plaintiff argues that the product's use of the term "concentrated"

14   is a misrepresentation.  Clorox again argues, as it did with regard to (3), that the term

15   simply means that the product is in concentrated form and must be diluted before use.

16   The court agrees that the term "concentrated" does not imply that the product is capable

17   of sanitizing and disinfecting, and thus, plaintiff cannot state a claim under the reasonable

18   consumer test based on the use of the term "concentrated."

19        The court concludes that there is no affirmative misrepresentation or deception on

20   the product's label.  Without a deceptive act or statement, Williams does not apply.  See

21   Ebner v. Fresh, 838 F.3d 958, 966 (9th Cir. 2016).  In Ebner, the court stated that

22   "Williams stands for the proposition that if the defendant commits an act of deception, the

23   presence of fine print revealing the truth is insufficient to dispel that deception," but where

24   "there is no deceptive act to be dispelled", then there is no basis to conclude that a

25   reasonable consumer would be deceived.  Id.  Similarly, in this case, there is no

26   "deceptive act to be dispelled," nor any omission that would have deceived a reasonable

27   consumer.

28        Plaintiff further argues that the alleged misrepresentations are actionable "when

United States District Court
Northern District of California

8

United States District Court
Northern District of California

1   viewed in their totality," even if not actionable individually.  Dkt. 27 at 11.  However, the

2   court finds no support for the argument that the challenged statements, even when

3   viewed in their totality, would lead a reasonable consumer to believe that the product had

4   sanitizing and disinfecting capabilities.  Nor does the use of the "Clorox" brand name

5   automatically imply that the product must contain sanitizing or disinfecting capabilities.

6       In sum, the court finds no basis for plaintiff's argument that there were any

7   misrepresentations or that any misrepresentations "led plaintiff and reasonable

8   consumers to believe that Clorox Splash-less Bleach is suitable for disinfecting during the

9   pandemic."  Dkt. 27 at 9.

10      Accordingly, the court finds that plaintiff's claims under the CLRA, UCL, and FAL

11  must be dismissed for failure to state a claim.  The court need not reach defendant's

12  alternative arguments regarding standing to seek injunctive relief and Federal Rule of

13  Civil Procedure 9(b)'s heightened pleading requirements.

14      **2.  Negligent Misrepresentation and Unjust Enrichment**

15      Plaintiff's fourth and fifth causes of action are for negligent misrepresentation and

16  unjust enrichment, respectively.

17      The elements of negligent misrepresentation are (1) the misrepresentation of a

18  past or existing material fact; (2) without reasonable ground for believing it to be true; (3)

19  with intent to induce another's reliance on the fact misrepresented; (4) justifiable reliance

20  on the misrepresentation; and (5) resulting damage.  Apollo Cap. Fund, LLC v. Roth Cap.

21  Partners, LLC, 158 Cal. App. 4th 226, 243 (2007).

22      Courts within this circuit are split as to whether negligent misrepresentation claims

23  are governed by the pleading standards of Rule 8 or Rule 9(b).  See Najarian Holdings

24  LLC v. Corevest American Finance Lender LLC, 2020 WL 5993225 at *5 (N.D. Cal. Oct.

25  9, 2020) (collecting cases).  However, in this case, the court need not reach the issue,

26  because plaintiff's allegations are insufficient under either standard.[2]

27  _____

28  [2] For the same reason, the court need not address Clorox's alternative argument
    regarding the economic loss rule.

United States District Court
Northern District of California

1   As discussed above, in the context of the reasonable consumer test, plaintiff has

2   not identified any misrepresentation or deception on the product's label.  Accordingly,

3   plaintiff cannot meet element (1) of a negligent misrepresentation claim, "the

4   misrepresentation of a past or existing material fact."  As a result, plaintiff's negligent

5   misrepresentation claim must be dismissed.

6   As to unjust enrichment, Clorox argues that plaintiff "does not identify any

7   independent theory of unjust enrichment" that does not rise or fall with her statutory

8   claims.  The court agrees, and finds that plaintiff's failure to identify an actionable

9   deception in the context of the "reasonable consumer" test also requires the dismissal of

10  her unjust enrichment claim.

## CONCLUSION

12  For the foregoing reasons, Clorox's motion to dismiss plaintiff's complaint is

13  GRANTED.  Because Clorox's product packaging would not change in an amended

14  complaint, and because plaintiff articulated no additional facts that would be added to any

15  amended complaint, the court is skeptical that the complaint can be amended to state a

16  claim.  However, out of an abundance of caution, the court grants plaintiff leave to amend

17  her complaint.  Plaintiff shall file any amended complaint within 21 days of the date of this

18  order.  No new parties or causes of action may be pleaded without leave of court or the

19  agreement of defendant.  Any amended complaint must specify where plaintiff purchased

20  the product at issue.  Any amended complaint must also identify the source of the phrase

21  "it's the same Clorox product you love, now with more power per drop" allegedly used in

22  Clorox's marketing materials, if plaintiff intends to proceed with that allegation, and must

23  also allege whether plaintiff saw or read that phrase and relied upon it.

24  **IT IS SO ORDERED.**

25  Dated:  January 21, 2021

26  _____/s/ Phyllis J. Hamilton_____

27  PHYLLIS J. HAMILTON
    United States District Judge

28